# STATE OF OREGON, *Appellant,*
## *v.*
# JAMES LEONARD BAXLEY, *Respondent.*
## (No. 74-2275, CA 6166)

555 P2d 782

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Jill Golden,* Springfield, argued the cause for respondent. On the brief were Douglas J. Dennett and Sanders, Lively & Wiswall, Springfield.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

This appeal arises from a probation revocation hearing pursuant to ORS 137.550(2). The defendant had been convicted in 1975 for illegal possession of dangerous drugs, ORS 167.207. Sentence was suspended and defendant was placed on probation for two years, one of the terms of which was that he "obey the law." Under a search warrant executed on February 19, 1976, certain evidence was seized which formed the basis for both a two-count indictment of defendant for illegal possession of dangerous drugs and ex-convict in possession of firearm and an order for the defendant to show cause why his probation should not be revoked.

At the motion-to-suppress hearing on the criminal charge, the circuit court granted defendant's motion to suppress the evidence as illegally seized, ORS 133.673. At the subsequent hearing on the motion to show cause why his probation should not be revoked, the state advised the circuit court that the evidence that the state would present was the same evidence which had been suppressed at the hearing on the criminal charge. The defendant moved that the evidence be suppressed in the revocation hearing as well. The parties stipulated that:

"* * * * *

"(3) On March 23, 1976, Judge Kaye, Circuit Court Judge Pro Tem for the County of Lane, granted an order suppressing the evidence obtained in execution of the search warrant leading to the indictment dated February 25, 1976, Lane County case no. 76-0913.

"It is further stipulated that all substantive evidence produced at the motion to suppress before Judge Kaye would be identical with the evidence to be produced at the probation revokation [sic] set for March 25, 1976, before Judge Leavy. It is stipulated for the purposes of the aforementioned probation revocation that Judge Kaye's ruling on March 23, 1976, in case number 76-0913 is res judicata to the probation revocation in

[ 75 ]

case number 74-2275. In so stipulating, the State does not concede the accurace [sic] of Judge Kaye's ruling.

"* * * * *."

On April 2, the circuit court entered the following order from which the state now appeals:

"* * * * *

"IT IS HEREBY ORDERED that defendant's motion in limine, based upon the stipulation of parties, to exclude evidence previously suppressed by order of Lane County Circuit Court case number 76-0913 from introduction into evidence by probation revocation 74-2275, is hereby granted.

"* * * * *."

The parties present to us the question of whether illegally seized evidence is admissible in a probation revocation hearing, or may be suppressed by application of the exclusionary rule pursuant to ORS 133.673.

Defendant does not challenge the state's right to bring this appeal. However, the parties cannot confer appellate jurisdiction upon this court. *McEwen v. McEwen,* 203 Or 460, 280 P2d 402 (1955). Accordingly, and assuming only for the purpose of determining our jurisdiction of this appeal that a motion to suppress illegally obtained evidence may be made at a probation revocation hearing, we consider first whether the state has the right to appeal from a circuit court order granting such a motion.

A probation revocation hearing is a criminal proceeding, as it "occurs in court in connection with a * * * completed criminal action," ORS 131.005(7), 137.550(2). The right of the state to appeal in a criminal proceeding is severely limited, and exists only when expressly granted by statute. *State v. Foster,* 229 Or 293, 366 P2d 896 (1961). Only ORS 138.060(3) or 19.010(4) could arguably authorize the present appeal.

[ 76 ]

ORS 138.060(3) provides that:

> "The state may take an appeal from the circuit court to the Court of Appeals from:
>
> "* * * * *
>
> "(3) An order made prior to trial suppressing evidence * * *
>
> "* * * * *."

ORS 138.010 provides that ORS 138.060 is the mode of reviewing by appeal an order in a *criminal action,* which is defined by ORS 131.005(6) as "an action at law by means of which a person is accused and tried for the commission of an offense." ORS 138.060(3) limits its scope of review to *an order prior to trial.* The legislature has not expressly defined the term "trial" in the context of criminal procedure, but its meaning may be inferred from the definition of "trial court" given in ORS 131.005(12):

> " 'Trial court' means a court which by law has jurisdiction over an offense charged in an accusatory instrument and has authority to accept a plea thereto, or try, hear or otherwise dispose of a criminal action based on the accusatory instrument."

Thus, a trial is a proceeding disposing of a criminal action based on an accusatory instrument.

An examination of the probation revocation statute and case law indicates that a probation revocation hearing is neither a criminal action nor a trial. It is commenced by a report to the court, ORS 137.550(2), not by an accusatory instrument as defined in ORS 131.005(1).[1] The focal issue of a probation revocation hearing is whether the defendant has violated the conditions of his probation. It is completely unrelated to his guilt or innocence of the crime for which he has been placed on probation. In *Barker v. Ireland,* 238 Or 1, 392 P2d 769 (1964), our Supreme Court said:

> "* * * It is not necessary to revocation that the

---

[1] ORS 131.005(1) provides:

" 'Accusatory instrument' means a grand jury indictment, an information or a complaint."

person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime." 238 Or at 4.

In *State v. Frye,* 2 Or App 192, 194-95, 465 P2d 736 (1970), this court stated that "[t]he summary hearing provided by ORS 137.550 is essentially an informal trial and the court is not bound by strict rules of evidence which apply in criminal or civil trials." In *Perry v. Williard,* 247 Or 145, 149, 427 P2d 1020 (1967), the Supreme Court stated that it was aware that "a proceeding to review performance on probation is not a criminal trial. * * *"

■ It is true this court has held that an expunction proceeding pursuant to ORS 137.225 is a special statutory proceeding, appeals from which are granted to the state by ORS 19.010(4). *State v. Young,* 24 Or App 5, 544 P2d 179, Sup Ct *review denied* (1976). However, probation revocation hearings are an essential element of the criminal code, and are a natural ongoing part of the criminal process which has led to the conviction and resulting judgment which has already been imposed. It is in no sense a part of the proceedings "prior to trial" in a criminal case. Rather, it does not come into being until after the trial itself has been completed. We conclude that *State v. Young, supra,* is not in point and that a probation revocation hearing is not a special statutory proceeding within the meaning of ORS 19.010(4).

Thus, we hold that, even if we were to conclude that illegally seized evidence could be suppressed in a probation revocation hearing, neither ORS 138.060(3) nor 19.010(4) grants the state the right to appeal a

suppression order. We therefore expressly here do not consider whether illegally seized evidence could or should be suppressed in a probation revocation hearing.

Appeal dismissed.