Argued October 25, appeal dismissed December 11, 1978

STATE OF OREGON, *Respondent,*
*v.*
WALTER LEE COOPER, *Appellant.*
(No. C 78-03-03365, CA 11433)
587 P2d 1051

Susan Longbrook, Portland, argued the cause and filed the brief for appellant.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant was charged with theft in the first degree. ORS 164.055. After trial to the court, he was found not responsible due to mental disease or defect. ORS 161.295, 161.319.[1] After entering that judgment, the court ordered defendant placed under the jurisdiction of the Psychiatric Security Review Board. ORS 161.336. Defendant appeals from the order placing him under the jurisdiction of the Board. He argues that the order was unsupported by evidence that he presented a substantial danger to himself or others, as required by ORS 161.336. In addition he argues that the statutory scheme for commitment following a finding of not responsible due to mental disease or defect (ORS 161.325 *et seq.*) violates the due process and equal protection guarantees of the Fourteenth Amendment.

The Psychiatric Security Review Board was created by Oregon Laws 1977, chapter 380. Under the procedure instituted by that chapter, the court has the duty after entering a judgment of not responsible due to mental disease or defect to determine whether the defendant should be discharged from custody or placed under the jurisdiction of the Board. ORS 161.325;[2] *see*

---

[1] ORS 161.295:

"(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2) As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

ORS 161.319:

"When the defendant is found not responsible due to mental disease or defect, as defined in ORS 161.295, the verdict and judgment shall so state."

[2] ORS 161.325:

"After entry of judgment of not responsible due to mental disease or defect, the court shall, on the basis of the evidence given at the trial or at a separate hearing, if requested by either party, make an order as

*also* ORS 161.341(3).[3] ORS 161.336(1) provides in material part:

"[I]f the court finds by a preponderance of the evidence that the person is affected by mental disease or defect and that he presents a substantial danger to himself or others that requires that the person be committed to a state mental hospital designated by the Mental Health Division or conditionally released, the court shall order him placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment. The period of jurisdiction of the board shall be equal to the maximum sentence the court finds the person could have received had he been found responsible. The board shall hold a hearing within 20 days to determine whether the person should be committed or conditionally released. Pending hearing before the board, the person may be committed to a state hospital designated by the Mental Health Division."

Under ORS 161.351 the Board also has the duty to discharge any person placed under its jurisdiction

"at such time as the board shall find by a preponderance of the evidence that the person is no longer affected by mental disease or defect or, if he continues to be so affected, that he no longer presents a substantial danger to himself or others which requires regular medical care, medication, supervision or treatment."

The state argues that we have no jurisdiction to review the order placing defendant under the jurisdiction of the Board. Our jurisdiction springs solely from

---

provided in ORS 161.329, 161.336 or 161.341, whichever is appropriate. If the court makes an order as provided in ORS 161.336, it shall also determine on the record what offense the person would have been convicted of had the person been found responsible."

[3] ORS 161.341(3):

"The district attorney or circuit court or department of the county from which the person was committed may choose a psychiatrist or licensed psychologist to examine the person prior to a decision by the board on discharge or conditional release. The results of the examination shall be in writing and filed with the board, and shall include, but need not be limited to, an opinion as to the mental condition of the person, whether the person presents a substantial danger to himself or to others and whether the person could be adequately controlled with treatment as a condition of release."

statutes. Nowhere in chapter 161 is there provision for review of the type of order involved here. The only statutes which could possibly grant this court jurisdiction to review the order are ORS 138.040 and 19.010(4).

ORS 138.020 provides:

"Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.300, and not otherwise."

ORS 138.040 provides in material part:

"The defendant may appeal to the Court of Appeals from a *judgment on a conviction* in a district or circuit court * * *." (Emphasis supplied.)

The order was unappealable under that section because there was no "judgment on a conviction." *See* ORS 161.319, 161.325, *supra,* nn 1 and 2.

ORS 19.010(4) might be applicable. That subsection provides:

"An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

We have held that ORS 19.010(4) authorizes an appeal by the state from an order expunging a criminal conviction. *State v. Young,* 24 Or App 5, 544 P2d 179, *rev den* (1976). In *State v. Baxley,* 27 Or App 73, 555 P2d 782 (1976), however, we held that it does not apply to probation revocation hearings. We stated:

"[P]robation revocation hearings are an essential element of the criminal code, and are a natural ongoing part of the criminal process which has led to the conviction and resulting judgment which has already been imposed. It is in no sense a part of the proceedings 'prior to trial' in a criminal case. Rather, it does not come into being until after the trial itself has been completed. We conclude that *State v. Young, supra,* is not in point and that a probation revocation hearing is not a special

statutory proceeding within the meaning of ORS 19.010(4)." 27 Or App at 78.

Although we believe that this case is closely analogous to *Baxley,* there is another and more certain basis for concluding that ORS 19.010(4) is not applicable. The legislature included in the statutory scheme here an explicit provision for appeal after the Board has made its determination. ORS 161.385(9) provides in material part:

"(a) When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board, the person is entitled to judicial review of the final order. The person shall be entitled to counsel and, if indigent, counsel shall be provided.

"(b) The order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the order for which review is sought. * * *"

We need go no further at this juncture than to say that the statute makes sufficiently clear that the legislature intended that, once initiated, a Psychiatric Security Review Board proceeding should stay out of court until the Board has made its final order.

Appeal dismissed.