Argued and submitted October 2, 1981, affirmed April 5, 1982

STATE OF OREGON,
*Respondent,*

*v.*

ARTHUR N. ORANS,
*Appellant.*

(No. 37490, CA A21174)

642 P2d 1197

Henry R. Dickerson, Jr., Corvallis, argued the cause and filed the brief for appellant.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was indicted for first degree theft of property belonging to his grandmother. Based on a stipulation entered into between defendant and the state, the trial court found defendant not guilty by reason of mental disease or defect. ORS 161.295. At the ensuing dispositional hearing, ORS 161.325 (amended Or Laws 1981, ch 711, § 1),[1] the trial court determined that defendant was still suffering from a mental disease or defect and that he presented a substantial danger to himself or others. The court ordered him placed under the jurisdiction of the Psychiatric Security Review Board (PSRB) and conditionally released, ORS 161.327(2) (amended Or Laws 1981, ch 711, § 2),[2] stating that "* * * although defendant is not today a danger to himself or others, his condition can be

---

[1] ORS 161.325 provided:

"After entry of judgment of not responsible due to mental disease or defect, the court shall, on the basis of the evidence given at the trial or at a separate hearing, if requested by either party, make an order as provided in ORS 161.327 or 161.329, whichever is appropriate. If the court makes an order as provided in ORS 161.327, it shall also determine on the record what offense the person would have been convicted of had the person been found responsible."

[2] ORS 161.327(2) provided:

"(2) The court shall determine whether the person should be committed to a state hospital designated by the Mental Health Division or conditionally released pending any hearing before the board. If the court finds that the person presents a substantial danger to himself or others and that he is not a proper subject for conditional release, the court shall order him committed to a state hospital designated by the Mental Health Division for custody, care and treatment pending hearing before the board in accordance with ORS 161.341 to 161.351 and 161.385 to 161.395. If the court finds that the person presents a substantial danger to himself or others but that he can be adequately controlled with supervision and treatment if he is conditionally released and that necessary supervision and treatment are available, the court may order him conditionally released, subject to those supervisory orders of the court as are in the best interests of justice, the protection of society and the welfare of the person. The court shall designate a person or state, county or local agency to supervise the person upon release, subject to those conditions as the court directs in the order for conditional release. Prior to the designation, the court shall notify the person or agency to whom conditional release is contemplated and provide the person or agency an opportunity to be heard before the court. After receiving an order entered under this section, the person or agency designated shall assume supervision of the person pursuant to the direction of the Psychiatric Security Review Board. The person or agency designated as supervisor shall be required to report in writing no less than once per month to the board concerning the person's compliance with the conditions of his release."

activated with reasonable medical certainty[3] to the point where he will be a danger to himself." ORS 161.327(3). From that order, defendant appeals, contending that the court erred in finding that he represented a danger to himself.

■      At the outset, defendant contends that our review should be *de novo,* the same as civil commitment proceedings, which present similar inquiries. We recently noted, however, "material distinctions" between civil commitment proceedings and dispositional hearings involving those acquitted because of mental disease or defect. *Ashley v. Psy. Sec. Rev. Bd.,* 53 Or App 333, 338, 632 P2d 15 (1981). Moreover, appellate review is *de novo* in civil commitment proceedings, because such commitments are made by a court having probate jurisdiction, which is equitable in nature, *State v. O'Neill,* 274 Or 59, 61 n 3, 545 P2d 97 (1976); such proceedings are not actions at law. *State v. Nesbitt,* 23 Or App 202, 211-12, 541 P2d 1055 (1975), *rev den* (1976).

By contrast, the dispositional hearing under ORS 161.325 is the final stage in a criminal proceeding in which it has previously been determined that the accused was mentally ill when he or she engaged in criminal conduct, and so is not criminally responsible. The trial court's jurisdiction attaches by virtue of the criminal prosecution, and the hearing results in a determination of the proper disposition to be made of the defendant. An appeal from the resulting order should be taken in the same manner as other orders entered in criminal cases. Accordingly, we conclude that our review of the sufficiency of the evidence is confined to determining whether the trial court findings are supported by substantial evidence.

In placing defendant under the supervision of PSRB, the court made the following relevant findings:

"* * * * *

"(3)   Defendant is currently suffering from and is affected by mental disease or defect, and presents

---

[3] In its order, the court employed a higher standard than required by the statute. ORS 161.327(3) requires a reasonable medical probability, not certainty. Accordingly, we review the record under the statutory standard.

a substantial danger to himself or others; that is, to himself but not to others.

"(4) ORS 161.327(3) is interpreted to authorize placing defendant under the jurisdiction of the Psychiatric Security Review Board where, although defendant is not today a danger to himself or others, his condition can be activated with reasonable medical certainty to the point where he will be a danger to himself.

"(5) Defendant can be adequately controlled with supervision available on conditional release under ORS 161.327(2)."

ORS 161.327(3), on which the trial court relied, provided:

"(3) For purposes of this section, a person affected by a mental disease or defect in a state of remission is considered to have a mental disease or defect requiring supervision when his disease may, with reasonable medical probability, occasionally become active and, when active, render him a danger to himself or others."

There is no dispute that defendant is mentally ill, and there is no contention that he is dangerous to others. The question is whether there is substantial evidence to support the finding that, although defendant was not dangerous to himself at the time of the hearing, there was a reasonable medical probability that his condition would occasionally become active in such a way that it would render him dangerous to himself.

Dr. James Newman, defendant's treating psychiatrist, and Dr. Robert Weimer II, a clinical psychologist who evaluated defendant on behalf of the state, testified as to defendant's mental condition. Dr. Newman stated that defendant was presently suffering from a borderline personality disorder. Dr. Weimer diagnosed defendant as suffering from a schizotypal personality disorder. Despite the different labels, both doctors testified that defendant's present disorder was rooted in his inability to separate himself from his mother. Dr. Newman explained that defendant's greatest fear is abandonment by his mother, that he views any prolonged separation from his mother as a threat to his existence and that "[s]uicide is the alternative should something happen to his mother." Dr. Weimer agreed with Dr.

Newman's analysis, stating that a threat to defendant's relationship with his mother would render him a danger to himself.

At the time of the hearing, criminal litigation was pending against defendant's mother, and the potential incarceration of his mother was perceived as a major threat. Both doctors expressed serious concern about defendant's actions should his mother ultimately be incarcerated. Dr. Newman testified that defendant had attempted suicide previously, although the attempts were "miniscule" and "not serious." Dr. Weimer agreed that defendant's prior suicide attempts were more in the nature of gestures for help; however, he stated that it was extremely difficult to predict how defendant would react if his mother were incarcerated.

The testimony indicated that defendant believed he had no existence apart from his mother and that he had no desire to live should his mother be separated from him. Both doctors testified that there was a reasonable medical probability that defendant's condition could be activated to the point where he would be a danger to himself.[4] We conclude that there is substantial evidence to support the trial court's findings.

Affirmed.

---

[4] Although ORS 161.327(3) provides for placement under PSRB jurisdiction of a person affected by a mental disorder "in a state of remission," both doctors testified that defendant's mental disorder was not in a state of remission but was presently active. When read that statute by the court, however, both doctors testified that it aptly described defendant's condition. This latter testimony is consistent with the trial court's finding.