Argued and submitted November 30, 1983, appeal dismissed January 18, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL DANA GANGI,
*Appellant.*

(10-82-06545; CA A28387)

675 P2d 181

Lynn David Larsen, Springfield, argued the cause and filed the brief for appellant.

Richard Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM

## PER CURIAM

In this criminal case, defendant was found not responsible for the crime of theft in the first degree by reason of mental disease or defect. In the dispositional phase of the case, ORS 161.325(1), the court, instead of ordering that defendant be placed under the jurisdiction of the Psychiatric Security Review Board (ORS 161.327) or discharged (ORS 161.329), ordered the case "continued" for a period not to exceed five years or until defendant could show he was entitled to discharge. Defendant appeals, seeking discharge under ORS 161.329. We dismiss the appeal for want of jurisdiction.

We agree with and adopt the analysis of the jurisdictional problem in this case in the state's brief:

"Defendant asserts that ORS 138.020 and 138.040 grant this court jurisdiction of this appeal. He is mistaken. ORS 138.020 provides:

" 'Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action *in the cases prescribed in ORS 138.010 to 138.300, and not otherwise.* (Emphasis added).'

"ORS 138.040 allows appeals from 'a judgment on a conviction.' Plainly, defendant does not appeal from a judgment on a conviction; he was never convicted of a crime. *See State v. Cooper,* 37 Or App 443, 447, 587 P2d 1051 (1978). ORS 138.020 does not provide an independent basis for jurisdiction. Rather, that statute merely states that: (1) both the state and defendant have appeal rights; (2) the appeal must be from a 'judgment'; (3) the case must be a 'criminal action'; and (4) those appeal rights are limited to the cases set forth in ORS chapter 138. Thus, ORS 138.020 is a *limiting* statute, and has been consistently so construed. *See, e.g., State v. Hattersly,* 294 Or 592, 597, 660 P2d 674 (1983); *State v. Koennecke,* 274 Or 169, 172, 545 P2d 127 (1976); *State v. Sieckmann,* 251 Or 259, 260-261, 445 P2d 599 (1968); *State v. Pfortmiller,* 53 Or App 394, 396, 632 P2d 459 (1981); *State v. Young,* 24 Or App 5, 7, 544 P2d 179, *rev den* (1976); *State v. Hoare,* 20 Or App 439, 442, 532 P2d 240 (1975).

"Nor does ORS 19.010(4), which authorizes appeals from 'any special statutory proceeding,' grant jurisdiction here. In *State v. Cooper, supra,* the defendant was found not responsible due to mental disease or defect, and was placed under the jurisdiction of the Psychiatric Security Review Board under former ORS 161.341(3). Defendant sought to appeal from that

order. After rejecting ORS 138.040 as a basis for jurisdiction, the court also held that ORS 19.010(4) did not apply. *See* 37 Or App at 447-448. The order in *Cooper* arose out of the same type of proceeding as that involved here and, therefore, the holding there should control. That holding is consistent with *State v. Threet,* 294 Or 1, 653 P2d 960 (1982), where the court held that 'separateness is a necessary attribute of a "special statutory proceeding." ' 294 Or at 5. The proceeding here was a part of, and not separate from, the criminal action.

"In sum, there is no statutory basis for appellate juridiction. Defendant's relief lies, if anywhere, in mandamus. This appeal should be dismissed."

Appeal dismissed.