On the court's *sua sponte* determination of jurisdiction, jurisdiction confirmed October 26, 1988, reconsideration denied January 13, petition for review denied February 14, 1989 (307 Or 405)

In the Matter of Duane A. Hardy, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF CLATSOP COUNTY et al,
*Respondent,*

*v.*

HARDY,
*Appellant.*

(2434 J; CA A46967)

763 P2d 406

Elizabeth A. Baldwin, Astoria, for appellant.

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem, for respondent.

Before Warden, Presiding Judge, and Warren and Deits, Judges.

DEITS, J.

## DEITS, J.

In this juvenile court proceeding, the child appeals from an order entered on November 13, 1987, placing him under the supervision of the Clatsop County Juvenile Department on a charge of sexual abuse in the first degree. ORS 163.425. Counsel for the child acknowledges that the formal notice of appeal in this case was untimely, because it was filed on December 24, 1987, more than 30 days after entry of the disposition order. In response to our order to show cause why the appeal should not be dismissed, the child argues that he is entitled to a delayed appeal pursuant to ORS 138.071(4). Alternatively, he contends that the appeal is timely, because he filed an "informal" notice of appeal, pursuant to ORS 419.561(3), within 30 days of the trial court's order.

■ ORS 138.071(4) allows for a delayed appeal "from a judgment on a conviction." ORS 138.040. However, a disposition order placing a juvenile under the jurisdiction of the juvenile court is not a judgment on a conviction. ORS 419.543. Accordingly, ORS 138.071(4) is not applicable. *See State v. Gangi,* 66 Or App 582, 675 P2d 181 (1984).

■ ORS 419.561(3)[1] provides, in pertinent part:

"The appeal may be taken by filing an *informal notice of appeal* with the clerk of the juvenile court. The notice shall be filed not later than 30 days after the entry of the court's order." (Emphasis supplied.)[2]

The method or form for the "informal notice" are not specified in the statute. We construe the term "informal" to require only that the juvenile court actually be apprised of the child's desire to appeal. In this case, through an exchange of several letters with the child's various appointed attorneys, the court was apprised within 30 days of entry of the court's

---

[1] We note that ORS 419.561(3) does not require that a notice also be filed with the State Court Administrator's office, as ORS 138.081(2) requires for criminal matters and as ORS 19.023(3) requires for civil matters. That deficiency is probably the result of the statute's antiquity and, in the light of the problems that the deficiency creates, it is a matter for legislative attention.

[2] Although the statute does not specifically define whether the term "appeal" refers both to appeals from the county court to the circuit court and from the circuit court to the Court of Appeals, interpreting the statute as a whole, we find that the reference includes both types of appeals.

order of his desire to appeal. We hold that the appeal was timely filed.

Jurisdiction confirmed.