Argued and submitted February 25, affirmed August 10, 1994

# STATE OF OREGON,
*Appellant,*

*v.*

# MICHELLE GAY BLAIR,
*Respondent.*

(91-2026CR; CA A78196)

879 P2d 900

Robert B. Rocklin, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Mary M. Reese, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

In this criminal case, the state appeals two pretrial orders issued together on December 16, 1992. The first order suppressed evidence that was obtained by two grand jury subpoenas served in May, 1991. The second order quashed a grand jury subpoena that was issued in August, 1992. We affirm.

On May 7, 1991, Detective Santos of the Klamath Falls Police Department contacted defendant and told her that she was suspected of stealing from her employer's payroll funds. He asked whether a certain account number at the Forest Products Federal Credit Union (the credit union) was hers. She said that it was not, and told him the number of her account. Santos then went to the district attorney's office and obtained a grand jury subpoena for defendant's financial records at the credit union. Later that day, without providing defendant the notice required by ORS 192.565, Santos served the subpoena on the credit union. The credit union delivered the requested records. On May 9, 1991, Santos served a second subpoena on the credit union, again without providing notice to defendant, requesting more of her financial records. The credit union again complied.

On July 25, 1991, a grand jury indicted defendant for three counts of theft in the first degree. ORS 164.055. Santos was the only witness before the grand jury. On June 15, 1992, defendant filed a pretrial motion to suppress evidence of her financial records obtained by the May, 1991, subpoenas. In a supplemental memorandum in support of that motion, filed on August 12, 1992, defendant argued that the state's failure to serve her copies of those subpoenas, as required by ORS 192.565(2), deprived her of the right to move to quash them under ORS 192.565(5).[1] In the light of those and other defects

---

[1] ORS 192.565 provides, in part:

"(1) A financial institution may disclose financial records of a customer to a state or local agency, and a state or local agency may request and receive such records, pursuant to a lawful summons or subpoena, served upon the financial institution, as provided in this section.

"(2) The state or local agency issuing such summons or subpoena shall make personal service of a copy of it upon the customer.

"* * * * *

"(5) Except as provided in subsection (6) of this section, a financial institution shall not disclose the financial records of a customer to a state or local

in the May, 1991, subpoenas, she contended that the evidence obtained by them was inadmissible at trial under ORS 192.590(5).[2] She also contended that the financial records were obtained in violation of her rights under Article I, section 9, of the Oregon Constitution.

On the same day that defendant filed her supplemental memorandum, August 12, 1992, the district attorney sought to correct the alleged defects in the May, 1991, subpoenas by issuing a grand jury subpoena for the same documents that complied with the requirements of ORS 192.550 *et seq.* Defendant moved to quash that subpoena, on the ground that the state should not be given a second chance to seize evidence that it had already seized illegally. The state countered her motion to quash with a motion to compel production of the documents sought by the August, 1992, subpoena.

The court held a consolidated hearing on defendant's motion to suppress evidence obtained by the May, 1991, subpoenas, her motion to quash the August, 1992, subpoena, and the state's motion to compel production.[3] Following the hearing, the trial court issued a letter opinion. It held that the May, 1991, subpoenas were issued in violation of the procedures required by ORS 192.565, and in violation of defendant's rights under Article I, section 9, of the Oregon Constitution. It granted defendant's motion to suppress the evidence obtained by the May, 1991, subpoenas.

---

agency, in response to a summons or subpoena served upon it, for a period of 10 days following service of a copy thereof upon the customer, unless the customer has consented to earlier disclosure. If the customer moves to quash such summons or subpoena, and the financial institution receives written notice of such action from the customer, all within 10 days following the date upon which a copy of the summons or subpoena was served upon the customer, the financial institution shall not disclose the financial records of said customer pursuant to said summons or summons or subpoena unless:

"(a) The customer thereafter consents in writing to the disclosure; or

"(b) A court orders disclosure of the financial records to the state or local agency, pursuant to the summons or subpoena."

[2] ORS 192.590(5) provides:

"Evidence obtained in violation of ORS 192.550 to 192.595 is inadmissible in any proceeding."

[3] Another unrelated motion was also considered at that hearing.

The court then granted defendant's motion to quash the August, 1992, subpoena. Its letter opinion reasoned:

"Records obtained without a search warrant and without following the procedure in ORS 192.565 are inadmissible in any proceeding. ORS 192.590(5). To allow admission of the records as a result of a second, proper subpoena would defeat the purposes of the exclusionary rule and the 'right of the people.' * * * The motion to quash is granted."

On December 16, 1992, the court entered separate orders, each incorporating the letter opinion, granting defendant's motions to suppress and to quash.[4] As a result of the order granting the motion to quash the August, 1992, grand jury subpoena, that subpoena was never served and no evidence was obtained by it.

On January 15, 1993, the state filed a notice of appeal "from the pretrial orders suppressing evidence and quashing subpoena entered on December 16, 1992." However, the state does not assign error to the order suppressing evidence obtained by the May, 1991, subpoenas, and it does not argue that that order was erroneous. Accordingly, we affirm the order suppressing the evidence obtained by the May, 1991, subpoenas. We write only to address whether the state may assign error to the order granting defendant's motion to quash the August, 1992, subpoena.

■■ In a criminal case, the state may assign error only to an order that is appealable under ORS 138.060. *State v. Caruso*, 289 Or 315, 320, 613 P2d 752 (1980).[5] The state concedes that "an order quashing a subpoena is not one of the orders enumerated in ORS 138.060[.]" Nonetheless, it contends that the order quashing the August, 1992, grand jury subpoena had the effect of suppressing evidence and therefore is appealable pursuant to ORS 138.060(3), which provides, in part:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

---

[4] The court did not expressly rule on the state's motion to compel production of the documents sought by the August, 1992, subpoena.

[5] The state's right to appeal in a criminal proceeding is "severely limited, and exists only when expressly granted by statute." *State v. Baxley*, 27 Or App 73, 76, 555 P2d 782 (1976).

"*****

"(3) An order made prior to trial suppressing evidence[.]"

■ The state is correct that whether an order is appealable depends on its effect, rather than its form. *State v. Koennecke*, 274 Or 169, 545 P2d 127 (1976) (a pretrial order excluding certain testimony was appealable because it had the same effect as a pretrial order suppressing evidence); *State v. Hoare*, 20 Or App 439, 532 P2d 240 (1975) (a pretrial order sustaining an advance objection to evidence was appealable because it had the same effect as a pretrial order suppressing evidence). The state maintains that the order quashing the August, 1992, subpoena is an order suppressing evidence under ORS 138.060(3), because

"the effect of the trial court's two orders in this case is that the state may not introduce at trial the evidence it sought to obtain by subpoena."

The first of the two orders referred to by the state was the order suppressing the use at trial of the evidence obtained by the May, 1991, subpoenas. Because the state does not argue that that order was error, we assume that the evidence obtained by the May, 1991, subpoenas was properly suppressed. However, the state contends that defendant's financial records were "constructively" returned to the credit union, and that the August, 1992, subpoena seeks evidence that is not subject to the suppression order.

■ The suppression order addressed only the admissibility at trial of the evidence obtained by the May, 1991, subpoenas. It did not permanently prohibit use of the credit union records. Therefore, that order could not have affected the admissibility at trial of evidence sought by the August, 1992, grand jury subpoena. The effect of the order that quashed the August, 1992, subpoena was to prevent the state from using that subpoena to obtain defendant's records from the credit union for the grand jury.[6] The fact that language in the letter opinion, incorporated in the order, expressed a predisposition to suppress certain evidence at trial, if that evidence were ever obtained, does not mean that the order

---

[6] In this regard, the order was analogous to the denial of a request for a search warrant. Such denials are not appealable orders.

had the effect of suppressing evidence. The state may not assign error to the order quashing the August, 1992, grand jury subpoena merely because the reasoning supporting it might also support a future motion to suppress introduction of the evidence at trial.

Affirmed.