Argued and submitted December 23, 1997, affirmed October 7, 1998

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES EDWARD REESE,
*Appellant.*

(10-96-01162; CA A93468)

967 P2d 514

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals judgments of conviction for aggravated murder, murder, arson in the first degree, and first- and second-degree abuse of a corpse. His single assignment of error is that the trial court erred by instructing the jury that a guilty verdict of murder except for insanity or aggravated murder except for insanity must be reached by a unanimous vote. He argues that, although guilt must be reached by a unanimous verdict, the trial court erred by not instructing the jury that a finding of insanity may be reached by a vote of 10 to 2. We affirm.

The facts of this crime are not disputed. On June 25, 1995, defendant beat a female victim to death in her apartment. After killing her, defendant performed various acts of mutilation on the corpse which included setting it on fire. At trial, defendant raised the affirmative defense of guilty except for insanity. ORS 161.395. The court instructed the jury regarding its possible verdicts as follows:

> "On the charge of Aggravated Murder, each and every juror must agree on the verdict to return a verdict of either guilty or guilty except for insanity.

> "Similarly, if you consider and reach a verdict of guilty on the lesser-included charge of Murder, or guilty except for insanity on that charge of Murder, that verdict also must be unanimous.

> "However, if you return a verdict of not guilty on the charge or charges of Aggravated Murder or the lesser-included charge of Murder, ten or more of you must agree on such a verdict of not guilty.

> "* * * * *

> "On all other charges—Arson in the First Degree, Abuse of [a] Corpse in the First Degree, and Abuse of [a] Corpse in the Second Degree—ten or more of you must agree upon whatever verdicts are returned in each of these charges, whether those verdicts are guilty, guilty except for insanity, or not guilty."

Defendant excepted to those instructions as follows:

"The exceptions to the jury, to the number of jurors required to find the affirmative defense of guilty except for insanity, we take exception to the instruction of the court. I believe it to be wrong. And that is with reference to its application to Aggravated Murder and Murder. The court instructed unanimous. We believe the correct number to be ten."

■ As a preliminary matter, defendant raises a vague due process argument pursuant to the Fifth Amendment as applied to Oregon by the Fourteenth Amendment. That issue was not preserved at trial and we may not address claims raised for the first time on appeal, including constitutional challenges. *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988); *State v. Zelinka*, 130 Or App 464, 477, 882 P2d 624 (1994), *rev den* 320 Or 508 (1995).

■ This court reviews the propriety of jury instructions for errors of law. *State v. Moore*, 324 Or 396, 427, 927 P2d 1092 (1996). The issue of whether a guilty except for insanity verdict in a murder case must be by a unanimous jury vote has not been addressed in Oregon. However, we are guided by both the Oregon Constitution and legislative enactment. Article I, section 11, of the Oregon Constitution, provides that "[i]n the circuit court ten members of the jury may render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder, which shall be found only by a unanimous verdict * * *." That provision requires that any "verdict of guilty of first degree murder" must be by a unanimous verdict. It does not answer the question before this court. On the other hand, *former* ORS 136.450 (*since amended by* Or Laws 1997, ch 313, § 25), applicable to this case, provides that "the verdict of a trial jury in a criminal action shall be by concurrence of at least 10 of 12 jurors except in a verdict for murder which shall be unanimous." Thus, if a determination of guilty of murder or aggravated murder except for insanity is a "verdict," it must be reached by a unanimous jury. We hold that it is.

■■ The affirmative defense of guilty except for insanity, ORS 161.295, should be distinguished from ORS 161.300. The latter provides that evidence of mental illness or defect is admissible on the issue of whether a defendant did or did not have the requisite intent, when intent is an element of the

crime. It is not an affirmative defense but, rather, a way to show that the defendant was simply "not guilty" of the charged offense because he did not have the required intent. On the other hand, ORS 161.295 "presupposes that the state has proved all elements of the crime, whatever they may be: the effect of proving a mental disease or defect is that the defendant is *'guilty* except for insanity.' " *State v. Olmstead*, 310 Or 455, 463, 800 P2d 277 (1990) (emphasis in original). A guilty except for insanity finding is not an acquittal—it is a *guilty verdict*. The only difference between a "guilty" verdict and a "guilty except for insanity" verdict is the dispositional alternatives, including possible confinement and supervision by the Psychiatric Security Review Board. *Id*. Thus, when insanity is raised as an affirmative defense in a murder trial, *former* ORS 136.450 requires that a jury verdict of guilty except for insanity be by a unanimous vote.

Affirmed.