652 December 17, 2025 No. 1080

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT DUANE McGOWAN,
aka Robert D. McGown,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR45173; A179480

Jerry B. Hodson, Judge.

Argued and submitted June 12, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment, entered after he pleaded guilty except for insanity (GEI) and after the trial court found him GEI, placed him at the Oregon State Hospital (OSH), and committed him to the jurisdiction of the Psychiatric Security Review Board (PSRB). In his sole assignment of error, defendant argues that the trial court plainly erred by failing to inform him of the possibility that the court may impose a conditional discharge as required by ORS 161.309(6). As we will explain, we conclude that ORS 138.105(5) precludes our review of defendant's challenge. Thus, we do not address whether defendant's argument meets the requirements for plain-error review or, even if it does, whether we would exercise our discretion to correct any plain error. Accordingly, we affirm.

The relevant facts are procedural and undisputed on appeal. The state charged defendant with second-degree murder, ORS 163.115(1), and unlawful use of a weapon (UUW), ORS 166.220. As part of plea negotiations, defendant sought to plead GEI to the second-degree murder charge. *See* ORS 161.295(1) (providing that a "person is guilty except for insanity if, as a result of a qualifying mental disorder at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law"). Under the agreement, the state would dismiss the UUW charge, and defendant would be placed at OSH and committed to the jurisdiction of the PSRB. *See* ORS 161.325(1) (providing that, after the defendant is found GEI, "the court shall *** order a disposition as provided in ORS 161.327"); ORS 161.327(1)(a) (providing that, after a defendant is found GEI and the court finds that the person is "affected by a qualifying mental disorder and presents a substantial danger to others" and not a proper subject for conditional release, the court shall order the person committed to the state hospital and placed under the jurisdiction of the PSRB). At the end of the plea hearing, the trial court accepted defendant's GEI plea and entered a judgment finding defendant GEI and committing him to OSH and the jurisdiction of the PSRB for life.

Defendant appeals from that judgment under ORS 161.327(8), which provides that "[a]n order of the court under this section is a final order appealable by the person found guilty except for insanity in accordance with ORS 19.205(5)." Although ORS 161.327(8) authorizes defendant to appeal the order at issue, we must determine whether we have authority to review defendant's challenge. That is, there is a difference between appealability and reviewability. *Compare* ORS 138.005(2) (defining "Appealable" to mean, "in reference to a judgment or order rendered by a trial court, that the judgment or order is, by law, subject to appeal by a party"), *with* ORS 138.005(4) (defining "Reviewable" to mean, "in reference to a particular decision of a trial court on appeal from an appealable judgment or order, that the appellate court may, by law, consider the decision and resolve an issue regarding the decision"); *see also State v. Nix*, 356 Or 768, 772, 345 P3d 416 (2015) (explaining that there is no inherent right to appeal, and thus "the right to appeal must be statutorily authorized"); *State v. Merrill*, 311 Or App 487, 489, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021) (observing that "[o]ur appellate review authority is controlled by statute").

The state argues that the plain terms of ORS 138.105(5), which governs reviewability of guilty pleas, preclude our review of defendant's challenge. Defendant contends that the prohibition on reviewability in ORS 138.105(5) does not apply because a GEI appeal is not "an appeal by a defendant" for purposes of that statute; rather, in defendant's view, GEI proceedings are "special statutory proceedings," which the legislature did not intend to be governed by ORS chapter 138. Thus, the issue presented by the parties is a question of statutory interpretation in which we turn to the familiar methodology described in *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). In so doing, "our objective is to determine what the enacting legislature most likely intended." *Merrill*, 311 Or App at 489 (internal quotation marks omitted). To accomplish that objective, "we examine the statutory text, in context, and, where appropriate, legislative history and relevant canons of construction," keeping in mind that a "statute's text is the best indicator of legislative intent." *Id.* at 489-90 (internal quotation marks omitted).

ORS 138.105(1) provides that, "[o]n appeal by a defendant," we have "authority to review the judgment or order being appealed, subject to the provisions of this section." Subsection (5) provides that we have "no authority to review the validity of the defendant's plea of guilty," subject to two exceptions that are not at issue in this case.[1] Thus, if we determine that defendant's appeal is an "appeal by a defendant"; that defendant is challenging the "validity" of his plea; and that his GEI plea is a "plea of guilty," ORS 138.105(5) would unequivocally preclude our review of defendant's argument.

We begin with whether defendant's appeal is an "appeal by a defendant" for purposes of ORS 138.105. The plain text of the statute, which does not include a limitation on the types of judgments or orders it applies to, as well as the context of the statute in ORS chapter 138, which governs criminal appeals, appear to suggest that it applies to defendant's appeal here because he appeals from an order issued by the trial court during a criminal proceeding. *See Merrill*, 331 Or App at 490 (explaining that, in a case where the defendant appealed from a judgment of conviction for driving under the influence of intoxicants, which was "an appeal by a criminal defendant," ORS 138.105 was "the key statute").

Resisting such a conclusion, defendant contends that, when read in context with other provisions of chapter 138, the phrase "appeal by a defendant" as used in ORS 138.105(1), is limited to circumstances described by ORS 138.035, which provides that a defendant may appeal from a judgment of conviction and sentence; a judgment imposing restitution; a judgment extending, modifying, or revoking probation; or an amended judgment of conviction and may cross-appeal when the state appeals. ORS 138.035(1) - (5). In defendant's view, a

---

[1] ORS 138.105 provides, in part:

"(5) The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest, except that:

"(a) The appellate court has authority to review the trial court's adverse determination of a pretrial motion reserved in a conditional plea of guilty or no contest under ORS 135.335.

"(b) The appellate court has authority to review whether the trial court erred by not merging determinations of guilt of two or more offenses, unless the entry of separate convictions results from an agreement between the state and the defendant."

GEI judgment "does not fit any of those categories." *See State v. Gile*, 161 Or App 146, 155, 985 P2d 199 (1999) (explaining that "a judgment of guilt except for insanity is not a conviction in the sense of a judgment imposing a sentence and, therefore, may not include criminal costs and assessments that flow from such a conviction"). We are not persuaded.

As noted above, "appealability" and "reviewability" are two separate determinations, and ORS 138.035 governs only appealability. The text of ORS 138.105(1), which governs reviewability, provides that "[o]n appeal by a defendant, the appellate court has authority to review the judgment or order being appealed, subject to the provisions of this section," without including an explicit limitation that it applies only to judgments or orders under ORS 138.035. Further, "reviewable," as used in ORS 138.010 through 138.310, means, "in reference to a particular decision of a trial court on appeal from an appealable judgment or order, that the appellate court may, by law, consider the decision and resolve an issue regarding the decision." ORS 138.005(4). Because defendant's interpretation of ORS 138.105—that "appeal by a defendant" is limited to cases described by ORS 138.035—would require us to insert text into the statutes that the legislature did not include, we reject defendant's argument. *See* ORS 174.010 (providing that, "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted"). Thus, based on the text and context of ORS 138.105, we conclude that defendant's challenge is an "appeal by a defendant" that is governed by that statute.

We further conclude that defendant is challenging the "validity" of his plea because he seeks reversal based on the trial court's failure, before accepting the plea, to inform him of the possibility that the court may impose a conditional discharge as required by ORS 161.309(6).[2] *See Stelts*

---

[2] ORS 161.309(6) provides:

"Prior to accepting a plea of guilty except for insanity to a felony, the court shall inform the defendant of the possibility that the court may order commitment or conditional discharge after entry of judgment, and of the maximum total period of commitment or conditional discharge under ORS 161.327(7)."

*v. State of Oregon*, 299 Or 252, 701 P2d 1047 (1985) (reviewing the petitioner's challenge to the validity of his guilty plea on appeal from post-conviction proceeding, where the petitioner argued that the trial court failed to advise him of his right to confront witnesses before accepting his plea of guilty).

Additionally, the plain terms and legislative history of the GEI statutes indicate that defendant's plea of guilty except for insanity is a "plea of guilty." *See* ORS 161.295(1) (outlining requirements for finding a person "guilty except for insanity"). As the Supreme Court discussed in *State v. Olmstead*, 310 Or 455, 463, 800 P2d 277 (1990), when ORS 161.295 was first enacted as part of the 1971 revisions to the Oregon Criminal Code, it permitted a finding that a defendant was "not responsible by reason of mental disease or defect." The statute was subsequently amended in 1983 to call "for a finding that the defendant is 'guilty except for insanity.'" *Olmstead*, 310 Or at 464; Or Laws 1983, ch 800, § 1. The court noted that "[i]n making that change, the legislature understood that the new terminology recognizes even more explicitly that a defendant who is found guilty except for insanity has committed all elements of the crime, although the defendant is to be treated differently at the dispositional stage of the proceedings." *Id*. Thus, ORS 161.295 "presupposes that the state has proved all elements of the crime, whatever they may be: the effect of proving a mental disease or defect is that the defendant is '*guilty* except for insanity.'" *Id*. at 463 (emphasis in original); *see also State v. Reese*, 156 Or App 406, 410, 967 P2d 514 (1998) (concluding that a GEI finding "is not an acquittal—it is a guilty verdict"—and noting that the "only difference between a 'guilty' verdict and a 'guilty except for insanity' verdict is the dispositional alternatives" (emphasis omitted)). Thus, analyzing the text and legislative history of the GEI statutory framework supports the state's contention that ORS 138.105(5) precludes review of defendant's challenge.

Defendant's contention also relies on his interpretation of the legislative history of ORS 138.105(5), which was enacted as part of Senate Bill 896 (2017). Defendant argues that a work group report that was submitted in

support of the bill demonstrates that "the legislature did not intend ORS 138.105(5) to apply to GEI appeals." *See State v. Colgrove*, 370 Or 474, 492, 521 P3d 456 (2022) ("The primary legislative history of [ORS 138.105(5)] is a work group report that the commission submitted to the legislature, explaining SB 896 in detail."); Report of the Direct Criminal Appeals Work Group on SB 896 (2017), Oregon Law Commission, Apr 6, 2017 (Criminal Appeals Report). Defendant points to a statement in the report that "certain statutory proceedings that take place within or related to a criminal case" are not governed by ORS chapter 138 but are instead governed by ORS 19.205(5), which "authorizes appeals from the trial court disposition of 'special statutory proceedings.'" Criminal Appeals Report at 4. The report further provided that the work group "could not do justice to the complex policy considerations relating to appealability, reviewability, appellate procedures, and scope of review on appeal of 'special statutory proceedings.'" *Id*. In defendant's view, those statements show that the bill did not affect appeals in special statutory proceedings, and, as we understand defendant's argument, GEI proceedings are special statutory proceedings because GEI orders are appealable "in accordance with ORS 19.205(5)" rather than ORS chapter 138. *See* ORS 161.327(8). We disagree.

The defining characteristic of a special statutory proceeding is that it is separate and distinct from other judicial proceedings. *State v. Threet*, 294 Or 1, 5, 653 P2d 960 (1982). A judicial proceeding is separate if it can go forward without disruption to other proceedings. *Garganese v. Dept. of Justice*, 318 Or 181, 185-86, 864 P2d 364 (1993). A proceeding under ORS 161.327 is not a special statutory proceeding. *State v. Gangi*, 66 Or App 582, 583-84, 675 P2d 181 (1984) (explaining that the "dispositional phase of the case" after the "defendant was found not responsible for the crime *** by reason of mental disease or defect" was not a special statutory proceeding because it "was a part of, and not separate from, the criminal action"). Rather, as we previously concluded in interpreting an earlier version of the GEI statutory framework, the dispositional portion of the GEI proceeding is "the final stage in a criminal proceeding in which it has previously been determined that the accused

was mentally ill when he or she engaged in criminal conduct, and so is not criminally responsible." *State v. Orans*, 56 Or App 681, 684, 642 P2d 1197 (1982) (observing that the "trial court's jurisdiction attaches by virtue of the criminal prosecution" and that an "appeal from the resulting [dispositional] order should be taken in the same manner as other orders entered in criminal cases").[3] Accordingly, we reject defendant's argument because, in our view, there is nothing in the legislative history of ORS 138.105 that demonstrates that the legislature intended to exclude GEI pleas from that statute's reviewability limitations.

In short, based on the text, context, and legislative history of the relevant statutory framework, and cases that have construed the applicable statutes, we conclude that ORS 138.105 governs reviewability of GEI pleas. Here, because defendant challenges the validity of his GEI plea, ORS 138.105(5) precludes us from reviewing that challenge.[4]

Affirmed.

---

[3] We note that *Gangi* and *Orans* addressed earlier versions of the GEI framework before the 1983 amendments, which changed the statutes to require—as discussed above—a finding of "guilty except for insanity" rather than "not responsible by reason of mental disease or defect." Those amendments, however, do not affect the conclusions in *Gangi* and *Orans* that GEI proceedings are criminal proceedings and not special statutory proceedings.

[4] Our conclusion that defendant's challenge is not reviewable in its current procedural posture does not foreclose other potential challenges. For example, a defendant who has been found GEI and who asserts proper grounds for relief may seek post-conviction relief under ORS 138.530(1). *See Mueller v. Benning*, 314 Or 615, 619, 841 P2d 640 (1992) (noting that a person adjudicated guilty except for insanity may—just as any other "convicted" person—challenge the underlying proceedings, the dispositional judgment, or both).