Submitted April 6; in Case No. 19CR32373, convictions on Counts 4 and 5 reversed and remanded, remanded for resentencing, otherwise affirmed; in Case No. 19CR38036, reversed May 19; petition for review denied August 26, 2021 (368 Or 514)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JUSTIN CASEY McCLOUR,
*Defendant-Appellant.*

Wasco County Circuit Court
19CR32373, 19CR38036;
A171776 (Control), A171777

492 P3d 139

Defendant appeals judgments in two consolidated cases, Case Nos. 19CR32373 and 19CR38036. In Case No. 19CR38036, defendant assigns error to the denial of his motion for judgment of acquittal (MJOA) for third-degree theft. In Case No. 19CR32373, defendant contends that the trial court erred in, among other things, instructing the jury that it could return nonunanimous verdicts; accepting the jury's nonunanimous verdicts on two of the counts, Counts 4 and 5; and sentencing him under ORS 137.717 on anther count, Count 2. He also assigns error to the trial court's overruling of his objection to a statement made by the prosecutor during closing argument at trial. *Held*: As the state properly conceded, the trial court erred in denying defendant's MJOA for third-degree theft in Case No. 19CR38036. In Case No. 19CR32373, the trial court erred in accepting nonunanimous verdicts on Counts 4 and 5, requiring reversal and remand on those counts. Consequently, the Court of Appeals did not address defendant's challenge to his sentence on Count 2, which was predicated, in part, on his conviction on Count 4. Although the court erred in giving a nonunanimous jury verdict instruction with respect to the other counts in Case No. 19CR32373, the error was harmless because the jury's verdicts were unanimous on those counts. The court also did not err in overruling defendant's objection to the prosecutor's statement during closing; with respect to the counts not reversed and remanded based on nonunanimous jury verdicts, any error was harmless.

In Case No. 19CR32373, convictions on Counts 4 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case No. 19CR38036, reversed.

Janet L. Stauffer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Lagesen, Presiding Judge, and DeHoog, Judge.

DeVORE, P. J.

In Case No. 19CR32373, convictions on Counts 4 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case No. 19CR38036, reversed.

## DeVORE, P. J.

This is a consolidated appeal from two criminal judgments. In Case No. 19CR32373, defendant was found guilty after a jury trial of four counts of first-degree forgery, ORS 165.013 (Counts 1 to 4), and one count of third-degree theft, ORS 164.043 (Count 5). The trial court merged Count 3 with Count 2. On Count 2, the court sentenced defendant as a repeat property offender under ORS 137.717, relying on Counts 1 and 4 as predicate offenses. In Case No. 19CR38036, defendant waived jury and the court found him guilty of a single count—third-degree theft, ORS 164.043. He appeals, raising seven assignments of error. We reject defendant's third and fourth assignments of error without discussion. For reasons that will become apparent, we consider the remaining assignments out of sequence.

In his second assignment, defendant contends that the trial court erred in denying his motion for judgment of acquittal (MJOA) for third-degree theft in Case No. 19CR38036. The state concedes that the evidence is insufficient to permit a reasonable inference that the forged $100 bills defendant was alleged to have stolen had "some non-zero market value," and, therefore, the trial court erred in denying defendant's MJOA. We agree and accept the state's concession. *See State v. Waterhouse,* 359 Or 351, 361-62, 373 P3d 131 (2016) (to survive an MJOA, there must be evidence from which the factfinder "could reasonably infer that the [stolen item] possessed 'some value,' the minimum needed to define it as 'property'" for purposes of third-degree theft). Accordingly, we reverse defendant's conviction in Case No. 19CR38036.

In his fifth and sixth assignments of error, defendant contends that the trial court erred by instructing the jury that it could return a nonunanimous verdict and by accepting the jury's nonunanimous verdicts on Counts 4 and 5 in Case No. 19CR32373. The jury's verdict was unanimous on Counts 1 to 3. On Count 4, a Class C felony, the jury returned a verdict of 10-2, and on Count 5, a Class C misdemeanor, a verdict of 11-1. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1394-97, 206 L Ed 2d 583 (2020), the United States Supreme Court held that the Sixth

Amendment requires a unanimous verdict for a conviction in the case of a "serious offense." Thus, the parties readily agree—as do we—that defendant's conviction on Count 4 must be reversed and remanded. Further, we recently concluded, in *State v. Heine*, 310 Or App 14, 21, 484 P3d 391 (2021), that "due process requires jury unanimity to convict a criminal defendant when the defendant is tried by a jury, regardless of the nature of the offense for which the defendant is on trial." That is, although the federal constitution allows the state to choose not to provide a defendant with a jury when trying a petty offense, where the state opts to do so, due process requires a unanimous verdict for conviction. *Id.* at 18. Accordingly, we also reverse and remand defendant's conviction on Count 5. Defendant's contention that the counts for which the jury returned a unanimous verdict must be reversed is foreclosed by *State v. Flores Ramos*, 367 Or 292, 319-20, 478 P3d 515 (2020) (holding that nonunanimous jury instruction is not structural error that requires reversal in every case and, where the verdict was unanimous, the instructional error was harmless beyond a reasonable doubt).

Our disposition on those assignments of error essentially resolves defendant's first assignment of error as well. There, he asserts that the trial court erred in overruling his objection to the prosecutor's statement to the jury during closing argument that "if you come in and you vote, and 10 of you agree that the defendant is guilty, then you're done. That's all you have to do." We have already concluded that defendant's convictions on Counts 4 and 5 must be reversed and remanded. And, with regard to the counts for which the jury was unanimous, any error—if there was one—was harmless for the reasons the state suggests, in particular, that the trial court expressly instructed the jury to "deliberate and find [its] verdict" after selecting a presiding juror and gave several other instructions concerning the jury's deliberation. As in *Flores Ramos*, the "jurors were given ample instruction on their duty with respect to their individual determinations of the defendant's guilt, and they are presumed to have followed those instructions. 'Judicious application of the harmless-error rule does not require that we indulge assumptions of irrational jury behavior when a

perfectly rational explanation for the jury's verdict, completely consistent with the judge's instructions, stares us in the face.'" 367 Or at 323-24 (quoting *Schneble v. Florida*, 405 US 427, 431-32, 92 S Ct 1056, 31 L Ed 2d 340 (1972)). Thus, we reject that assignment.

Finally, in his seventh assignment of error, defendant challenges his sentence on Count 2 in Case No. 19CR32373 under the repeat property offender statute, ORS 137.717. However, because we have reversed and remanded for a new trial one of the counts on which the trial court predicated that sentence (Count 4), and defendant must be resentenced in any event, we need not address that assignment.

In Case No. 19CR32373, convictions on Counts 4 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case No. 19CR38036, reversed.