Submitted May 3, affirmed June 3; petition for review denied September 16, 2021 (368 Or 561)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUSTIN CASEY McCLOUR,
*Defendant-Appellant.*

Hood River County Circuit Court
150127CR, 17CR67877;
A172132 (Control), A172133

487 P3d 451

John A. Olson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated appeal, defendant appeals (1) a judgment of conviction for attempted sexual abuse in the first degree in Hood River County Case No. 150127CR; and (2) a probation revocation judgment in Hood River County Case No. 17CR67877. The trial court entered both judgments based on defendant's convictions for new crimes in Wasco County. In Case No. 150127CR, the court terminated defendant's diversion agreement under ORS 135.881 to 135.901 and entered defendant's previously tendered plea of no contest. It did so because having a new conviction violated defendant's diversion agreement in that case. And, in Case No. 17CR67877, the court revoked probation because having a new conviction violated the terms of defendant's probation in that case.

In this appeal, defendant argues that, if his Wasco County convictions are reversed, then we should reverse both judgments on appeal here given that it was the fact of those convictions that resulted in termination of diversion and revocation of probation. But, because defendant's conviction in Case No. 150127CR is the product of defendant's no-contest plea, ORS 138.105(5) bars review of his challenge to it, and to the termination of diversion, for the reasons stated in *State v. Merrill*, 311 Or App 487, 492 P3d 722 (2021). As for defendant's challenge to the probation judgment in Case No. 17CR67877, we have affirmed some, but not all, of defendant's convictions in the Wasco County cases. *State v. McClour*, 311 Or App 473, 492 P3d 139 (2021). Because the record reflects that the trial court revoked defendant's probation based on the fact of his new convictions, and that the number and nature of the convictions was not material to the revocation, the reversal of only a portion of his convictions does not provide a basis for displacing the revocation decision.

Affirmed.