Submitted June 17, portion of judgments imposing $255 DUII conviction fees reversed, otherwise affirmed August 31, petition for review denied November 17, 2016 (360 Or 604)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GEOFFREY ELLIOT WILLIAMS,
*Defendant-Appellant.*

Multnomah County Circuit Court
140241664; A158726

380 P3d 1225

Stephen K. Bushong, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jacob Brown, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment convicting him of assault in the fourth degree (Count 1) and criminal trespass in the second degree (Count 2). Defendant raises three assignments of error. In his first assignment, defendant argues that the trial court erred in denying his motion for judgment of acquittal on the assault in the fourth degree charge. We reject that assignment without discussion. In his second and third assignments of error, defendant contends that the trial court erred in imposing on each count a $255 conviction fee under ORS 813.020 for driving under the influence of intoxicants (DUII) because defendant was not convicted of any DUII crime. The state concedes it was error for the trial court to impose such a fee. We accept the state's concession and, accordingly, reverse the portions of the judgments imposing the $255 DUII conviction fees.

We write further only to observe that the Multnomah County form of judgment, which includes the $255 DUII conviction fee, seems to be a premarked form that consistently appears to include the $255 fee unless that amount is affirmatively stricken from the form. The $255 amount is already typed onto the form in the "Money Award" section. There is a blank box that follows the prelisted $255 amount. In the Money Award portion of one of the judgments, that blank box is followed by the word "waived"; that box is not marked here. In other words, the $255 amount is included and not affirmatively deleted from the judgment or marked "waived."

Regardless of the fact that it is a form, and perhaps a not clear one, it is a form of judgment with a money award. Of course, a judgment and money award is a legal document with potential financial consequences to defendant. *See, e.g.,* ORS 18.048(5) (stating that a judgment in a criminal action that contains a money award may be enforced by the state). Indeed, defendant's two judgments state that the payment of the money awards is due within 30 days unless the state agrees to other arrangements.[1]

---

[1] We note that the case register does not reflect the two DUII conviction fees notwithstanding that they appear in the two forms of judgment.

We have previously reversed form judgments when they mistakenly include incorrect statutory fees or penalties. *See, e.g.*, *State v. Cleaver*, 266 Or App 403, 404, 337 P3d 983 (2014) (reversing and remanding Multnomah County judgment that affirmatively included unitary assessment fees of $500 when the statute imposing them had been repealed prior to defendant's conduct). We do so again here.

Portion of judgments imposing $255 DUII conviction fees reversed; otherwise affirmed.