Submitted August 23; remanded for entry of corrected judgment omitting the challenged "conditions of probation," and deleting the $255 DUII conviction fee and $100 bench probation fee, otherwise affirmed September 28, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS MATTHEW JONAS,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR12628; A158747

383 P3d 975

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant was convicted of harassment, ORS 166.065, and offensive physical contact, Portland City Code 14A.40.020. The trial court sentenced the defendant to 180 days in jail. It also imposed what were laid out in the judgment as "conditions of probation"—that defendant have no contact with a victim, stay out of all libraries, and refrain from offering to provide people with foot massages. On appeal, defendant raises five assignments of error.

In his first three assignments, defendant challenges those conditions. He contends that, because he was sentenced to a jail term and not probation, the trial court "lacked authority to impose conditions of probation." The state concedes that the trial court lacked authority to impose the conditions in this case. We agree, and accept the concession. *See State v. Blaylock*, 267 Or App 455, 475, 341 P3d 758 (2014), *rev den*, 357 Or 299 (2015) (trial court lacked authority to impose a "no contact" order in a judgment sentencing defendant to prison).

In his fourth and fifth assignments of error, defendant argues that the trial court erred in imposing, in the judgment, a $255 conviction fee under ORS 813.020 for driving under the influence of intoxicants (DUII), and a $100 bench probation fee under ORS 137.540(7) on the harassment conviction. As defendant points out, he was not convicted of DUII nor was he placed on bench probation. Thus, the entry of a judgment that included those fees was erroneous.

As we recently discussed in *State v. Williams*, 280 Or App 631, 632, 380 P3d 1225 (2016), "the Multnomah County form of judgment, which includes the $255 DUII conviction fee, seems to be a premarked form that consistently appears to include the $255 fee unless that amount is affirmatively stricken from the form." The same is true of the $100 bench probation fee. The $255 amount is already typed onto the form followed by a blank box which is, in turn, followed by the word "waived." The bench probation fee amount is followed by a blank box that is, in turn, followed by the word "suspended." As in *Williams*, those amounts appear to be included in the judgment and no affirmative steps were

taken to remove them. In light of *Williams*, that was error. *Id.* at 632-33.

Remanded for entry of corrected judgment omitting the challenged "conditions of probation," and deleting the $255 DUII conviction fee and $100 bench probation fee; otherwise affirmed.