Submitted March 4, affirmed March 31, petition for review denied July 29, 2021
(368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER NEIL SHUBERT,
*Defendant-Appellant.*

Linn County Circuit Court
17CR66808, 18CR73915;
A171298 (Control), A171299

484 P3d 406

Rachel Kittson-MaQatish, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated appeal, defendant appeals a judgment of conviction for one count of unlawful possession of methamphetamine in violation of ORS 475.894 and a separate probation violation judgment. The probation violation judgment was based on defendant's conviction of unlawful possession of methamphetamine. In the methamphetamine case, defendant was charged by information. Relying on our decision in *State v. Keys*, 302 Or App 514, 523-24, 460 P3d 1020, *rev allowed*, 366 Or 760 (2020), defendant contends that he is entitled to reversal of his conviction because the record does not show that he knowingly waived the right to a preliminary hearing. And, defendant contends, because the probation violation judgment was based on that conviction, he is entitled to reversal of that as well.

Although the state has not raised the issue, we must first consider whether the challenge to the judgment of conviction is reviewable. That is because the legislature has limited our authority to review convictions resulting from guilty pleas, ORS 138.105(5), and, here, defendant's conviction resulted from a guilty plea.

ORS 138.105(5) provides that, subject to two exceptions, "[t]he appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]" Neither of the two exceptions applies here. Defendant did not enter a conditional guilty plea reserving the right to appeal this issue, ORS 138.105(5)(a), and the issue is not one of merger, ORS 138.105(5)(b). That means we "ha[ve] no authority to review" defendant's challenge to his conviction based on *Keys*. ORS 138.105(5). Because defendant's challenge to the probation violation judgment is dependent on our acceptance of his *Keys* contention, we have no basis to disturb that judgment either.

Affirmed.