Argued and submitted December 3, 2019; portion of judgment requiring defendant to pay $490 "state obligation" vacated, remanded for resentencing, otherwise affirmed May 19; on respondent's petition for reconsideration filed June 10, reconsideration allowed by opinion September 9, 2021

See 314 Or App 460, ___ P3d ___ (2021)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JULIE MARIE MERRILL,
*Defendant-Appellant.*

Douglas County Circuit Court
16CR15177; A167806

492 P3d 722

Defendant pleaded no contest to a charge of driving under the influence of intoxicants, ORS 813.010(4), and entered diversion. Upon finding that defendant did not satisfy the terms of her diversion agreement, the trial court terminated diversion and entered the judgment of conviction. On appeal, defendant contends that her conviction must be reversed because, in her view, the trial court erroneously terminated diversion and entered judgment on her plea. She also contends that the court erred in imposing a $490 "state obligation" outside of her presence. *Held*: The trial court erred in imposing the financial obligation outside of defendant's presence. As for defendant's conviction, under ORS 138.105(5), the Court of Appeals had "no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest," absent circumstances that were not present here.

Portion of judgment requiring defendant to pay $490 "state obligation" vacated; remanded for resentencing; otherwise affirmed.

George William Ambrosini, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

LAGESEN, P. J.

Portion of judgment requiring defendant to pay $490 "state obligation" vacated; remanded for resentencing; otherwise affirmed.

## LAGESEN, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants in violation of ORS 813.010(4). Defendant pleaded no contest to the charge and entered diversion, as allowed by ORS 813.200 to 813.270. Upon finding that defendant did not satisfy the terms of her diversion agreement, the trial court terminated diversion and entered the judgment of conviction in accordance with ORS 813.255. On appeal, defendant contends that her conviction must be reversed because, in her view, the trial court erroneously terminated diversion and entered judgment on her plea. She also contends that the court erred in imposing a financial obligation outside her presence. But ORS 138.105 states that "[o]n appeal by a defendant," we "ha[ve] no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest" except in circumstances not present here. ORS 138.105(1), (5). Because the legislature has precluded review of defendant's conviction under these circumstances, we must affirm defendant's conviction. The legislature has not, however, barred review of defendant's claim regarding the financial obligation, and because, as the state correctly concedes, the trial court erred, we reverse the portion of the judgment imposing the challenged financial obligation.

*Reviewability*. Our appellate review authority is controlled by statute. That means whether we have authority to review defendant's arguments for reversing her convictions is, for the most part, a question of statutory interpretation. (Defendant also argues that the state and federal constitutions mean we must have the authority to review her claim, but we set those contentions aside for the moment.)

When we interpret an Oregon statute, our objective is to determine what "the enacting legislature most likely intended." *Tarr v. Multnomah County*, 306 Or App 26, 33, 473 P3d 603 (2020), *rev den*, 367 Or 496 (2021). To do so, we examine the statutory "text, in context, and, where appropriate, legislative history and relevant canons of construction." *Chase and Chase*, 354 Or 776, 780, 323 P3d 266 (2014).

In so doing, we keep in mind that "[a] statute's text is the best indicator of legislative intent," *Oregon Trucking Assns. v. Dept. of Transportation*, 364 Or 210, 220, 432 P3d 1080 (2019), as well as the legislature's explicit guidance on how we should read its words: "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010.

As noted, because this is an appeal by a criminal defendant, ORS 138.105 is the key statute. It delineates the scope of our review authority in a criminal defendant's appeal: "On appeal by a defendant, the appellate court has authority to review the judgment or order being appealed, subject to the provisions of this section." ORS 138.105(1). In general, ORS 138.105 permits review of a trial court's intermediate decisions made before a conviction: "Except as otherwise provided in this section, the appellate court has authority to review any intermediate decision of the trial court." ORS 138.105(3). But, as those terms indicate, there are exceptions to reviewability.

One exception addresses pleas and the convictions that result from pleas. In that context, ORS 138.105(5) limits the grounds on which we may review a conviction itself, barring review on all but two grounds:

> "The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest, except that:

> "(a)   The appellate court has authority to review the trial court's adverse determination of a pretrial motion reserved in a conditional plea of guilty or no contest under ORS 135.335.

> "(b)   The appellate court has authority to review whether the trial court erred by not merging determinations of guilt of two or more offenses, unless the entry of separate convictions results from an agreement between the state and the defendant."

ORS 138.105(5).

        The plain text of the provision would seem to pre-clude review here. Defendant's conviction resulted from a no-contest plea. The words of ORS 138.105 state unequiv-ocally that we have "no authority to review the validity of *** a conviction based on the defendant's plea of guilty or no contest," subject to two exceptions that, it is undisputed, do not apply here. *See State v. Shubert*, 310 Or App 378, 379, 484 P3d 406 (2021) (holding that, on appeal of judgment of con-viction resulting from guilty plea, ORS 138.105(5) precluded review of issue that had not been reserved in a conditional guilty plea and did not involve merger). The text makes the legislature's intentions clear: Unless otherwise provided, we have no authority to review on appeal challenges seeking to invalidate convictions based on pleas. To conclude other-wise would put us in the position of rewriting the statute. Specifically, we would have to add to the list of reviewable issues that the legislature itself wrote. "But rewriting stat-utes 'to insert what has been omitted' falls outside of 'the office of the judge.' ORS 174.010. For that reason, we may not do it under the cloak of interpretation." *Tarr*, 306 Or App at 35.

        Despite the plain text of the statute, defendant urges us to conclude that we have the authority to review and reverse her conviction, making several arguments in support of that conclusion. None of them, ultimately, per-suade us that we may disregard the plain textual command of ORS 138.105(5).

        First, defendant argues that, correctly read, the statute precludes review of "the validity" of a conviction based on a plea. Defendant argues that the legislature's use of the word "validity," considered in context, signals an intention to bar only challenges to the "legal suffi-ciency" of a conviction. That means, according to defendant, that

> "the statute bars a defendant from disputing the facts that the defendant admitted during their guilty plea or that the prosecutor recited pursuant to a no-contest plea. But the statute does not bar defendants from arguing that, not-withstanding their factual guilt, some other legal impedi-ment precludes the entry of a judgment of conviction."

That interpretation of the statute is not tenable. For one, if the legislature had intended to preclude review in such a limited way, it would have said so explicitly. That is exactly what the legislature did in the whole of ORS 138.105(5) when it identified with a great deal of specificity what issues are reviewable and what issues are not reviewable in an appeal by a criminal defendant. It did the same in ORS 138.115 when it listed the things that can be reviewed in an appeal by the state. Beyond that, if the legislature had intended the bar on review to be so limited, the exceptions to that bar would, in large part, serve no function. ORS 138.105(5)(b) would not be necessary because a challenge to a merger decision is not a challenge to the factual basis for a plea. ORS 138.105(5)(a) would also be of limited utility because, under defendant's reading of the statute, all grounds for challenging a conviction could be raised on appeal—whether or not reserved in a conditional plea agreement—with the exception of the challenge to the factual basis for the plea.

Second, defendant argues that the enactment history of Oregon appellate review statutes suggests that, in enacting ORS 138.105, the legislature intended to return appellate-review law to its pre-1945 condition, as reflected in Oregon's 1864 statute governing appellate review and as described in *State v. Lewis*, 113 Or 359, 361-62, 230 P 543 (1924), *adh'd to on reh'g*, 113 Or 359, 232 P 1013 (1925). Under that state of the law, a criminal defendant could raise legal challenges to a conviction, something that, in defendant's view, would allow her to pursue the challenge to her conviction that she raises in this appeal. To the extent that the enactment history might suggest what defendant argues it does, the suggestion is spectral and does not convince us that adopting defendant's proposed construction of ORS 138.105(5) would be anything other than rewriting it.

Third, defendant argues that the legislative history of ORS 138.105(5) demonstrates that the legislature intended to allow appellate review of challenges like hers. Even if that were so, it would not change our reading of the statute: "When the text of a statute is truly capable of having only one meaning, no weight can be given to legislative

history that suggests—or even confirms—that legislators intended something different." *State v. Gaines*, 346 Or 160, 173, 206 P3d 1042 (2009).

In any event, the legislative history shows that the legislative intention is exactly the one communicated by the words the legislature selected. As we have explained previously, the legislature enacted ORS 138.105 in 2017 "as part of an overhaul of statutes related to criminal appeals." *State v. Davis-McCoy*, 300 Or App 326, 329, 454 P3d 48 (2019). The overhaul was the product of an Oregon Law Commission work group. *See* Report of the Direct Criminal Appeals Work Group on SB 896 (2017), Oregon Law Commission, Apr 6, 2017, 1-3 (Criminal Appeals Report). The work group's report to the legislature on the provision that was to become ORS 138.105(5) explained that it retained existing law precluding review of challenges to convictions based on pleas, but allowed for review of two types of challenges:

> "Subsection (5)(a) is intended to restate the principle currently found in ORS 138.050(1)(a) that where the defendant pleaded guilty or no contest to the offense of which the defendant was convicted, on appeal, the appellate court may not review the validity of the plea or the conviction, except when the defendant, under ORS 135.335, has reserved in writing an adverse pre-trial court ruling for appeal.

> "Subsection (5)(b) is new statutory law relating to merger of determinations of guilt. Under ORS 161.067, under certain circumstances, if a defendant is found guilty of multiple counts arising from the same criminal episode, the trial court may convict the defendant of only one offense, so-called 'merger.' *** Subsection 5(b) reflects [current] appellate practice and authorizes appellate court review of a merger issue. That authority is subject to a limitation, which is new statutory law, that the appellate court may not review the merger issue if the trial court convicted the defendant of multiple offenses pursuant to a plea agreement in which the defendant agreed to plead guilty or no contest to the convictions in question."

Criminal Appeals Report at 19-21. The *former* ORS 138.050(1)(a) (2015), *repealed by* Or Laws 2017, ch 529, § 26, reviewability principle restated by ORS 138.105(5) is the one

announced by the provision's plain text—"that a defendant who appeal[ed] pursuant to [*former*] ORS 138.050 [(2015) could] not challenge the validity of the conviction to which he or she pleaded." *State v. Landahl*, 254 Or App 46, 59, 292 P3d 646 (2012), *rev den*, 353 Or 788 (2013). Pertinent to this case, we concluded in *Landahl* that that reviewability principle barred us from reviewing a contention that the trial court erred in terminating diversion and entering a judgment of conviction based on the defendant's plea. *Id*. at 48-49, 59.

The documents that defendant cites as legislative history to the contrary are work group memoranda contained in the appendices to the work group's report. *See* Criminal Appeals Report at 29.[1] They reflect that the members of the work group were engaged and diligent in carrying out their charge, well-versed in the relevant case law, and had debates about what direction to take. The disclaimer to the appendices, however, makes it quite clear that the memoranda do not speak for the work group: "Any legal analysis or expression of opinion is that of the author of the memorandum and do[es] not necessarily reflect the views of the Oregon Law Commission, the Work Group as a whole, or its members." *Id.* Given that the memoranda in the appendices do not speak to the intentions of the work group that proposed SB 896 to the legislature—and the fact that the disclaimer made the legislature aware of that—we are unable to view them as speaking to the intentions of the legislature, particularly when, as here, it would require us to overlook the plain text of the statute and the work group's officially stated position.

Finally, defendant argues that, even if ORS 138.105(5) precludes review, the state and federal constitutions require it. As for the Oregon constitution, defendant argues that Article VII (Amended), sections 1 and 3, of the Oregon Constitution operate to (a) preclude the legislature from limiting our appellate review authority and (b) give us inherent power to review defendant's claim that

---

[1] In her brief, defendant cites to Exhibit 37, Senate Judiciary Committee, SB 896, Apr 6, 2017, as the location of those documents. Exhibit 37 is a copy of the work group's report, and the documents to which defendant refers are the memoranda contained in the appendices. *See id*.

the legislature cannot limit. Those arguments conflict with longstanding case law recognizing that "the right to appeal is wholly statutory," *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983), and that "'[t]he legislature *** has the power to define in what cases, and under what circumstances, and in what manner, an appeal may be taken to this court,'" *State v. Endsley*, 214 Or 537, 546, 331 P2d 338 (1958) (quoting *Portland v. Gaston*, 38 Or 533, 535, 63 P 1051 (1901)).

Alternatively, defendant argues that any bar on review violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution under these circumstances. That clause provides that "No State shall *** deny to any person within its jurisdiction the equal protection of the laws." Defendant's theory is that the statutory limit on appellate review in this instance violates that clause because, "[i]f the state has the right to appeal a ruling in the defendant's favor, then equal protection requires that the defendant have a reciprocal right to appeal a ruling in the state's favor."

The problem with that argument is that the Equal Protection Clause, by its terms, addresses and limits unequal treatment by *the state* of similarly situated "*person[s]* within its jurisdiction." It does not address the differential treatment of the state versus individuals (or any others who qualify as persons).[2] As the Supreme Court explained in rejecting the contention that Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause, mean that a criminal defendant must have some power to grant immunity to witnesses when the state has that power, "Article I, section 20, speaks of equal privileges or immunities between citizens, not between a citizen and the government, and defendant points to no contrary interpretation of the equal protection clause." *State v. Clark*, 291 Or 231, 245, 630 P2d 810, *cert den*, 454 US 1084 (1981). Although defendant points to a decision by the Iowa Supreme Court concluding that equal protection requires that "whatever avenue of appellate

---

[2] For example, "It is well established that a corporation is a 'person' within the meaning of the Fourteenth Amendment." *Metropolitan Life Ins. Co. v. Ward*, 470 US 869, 881 & n 9, 105 S Ct 1676, 84 L Ed 2d 751 (1985).

review is deemed appropriate by the legislature, that right of appeal must be reciprocal," that court did not appear to recognize, as the Oregon Supreme Court has, that the Equal Protection Clause concerns the differential treatment of individuals, not the relationship between individuals and the government or power imbalances in that relationship.[3] In the absence of a case from the United States Supreme Court approaching the question differently from the Oregon Supreme Court, and defendant has not identified one, we are bound by the Oregon Supreme Court's interpretation of the Equal Protection Clause.

In sum, on appeal of a judgment of conviction resulting from a plea of guilty or no contest, ORS 138.105(5) precludes appellate review of defendant's contention that her conviction based on her plea should be reversed because of an alleged error in terminating diversion.[4] We reject defendant's challenge to her conviction for that reason.

*State obligation.* In her second assignment of error, defendant challenges the trial court's imposition of a $490 "state obligation" on the ground that the court erred by imposing it outside of her presence. That claim of error does not challenge defendant's conviction and is reviewable under ORS 138.105(7), which allows review of sentencing decisions for compliance with the law. As the state concedes, defendant is correct that the court erred. *State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005). We therefore vacate the portion of the judgment imposing the "state obligation."

---

[3] As the court pointed out in rejecting the equal protection challenge in *Clark*, inequities in the relationship between the state and the individual and, in particular, power imbalances in criminal prosecutions, fall within the territory of the Due Process Clause of the Fourteenth Amendment. *Clark*, 291 Or at 244-45. Defendant has not raised any arguments under the Due Process Clause.

[4] We note that the absence of appellate review does not necessarily mean that a defendant claiming wrongful termination of diversion is without recourse. To the extent that the statute governing termination of diversion imposes mandatory, not discretionary, obligations on the trial court, it may allow for the possibility of mandamus relief from a decision to terminate diversion, at least in some circumstances. *See, e.g.*, ORS 813.255(5) ("If the defendant appears at the hearing on the order to show cause, the court *shall dismiss* with prejudice the charge of driving while under the influence of intoxicants" under the specified circumstances. (Emphasis added.)). That question is not presented here, and we express no opinion as to whether mandamus is an available remedy given the reviewability limitations contained in ORS 135.105(5), or would have been an available remedy under the circumstances of this case.

Portion of judgment requiring defendant to pay $490 "state obligation" vacated; remanded for resentencing; otherwise affirmed.