Submitted May 29, 2020, affirmed May 26, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHANIEL GARRETT JONES,
*Defendant-Appellant.*

Yamhill County Circuit Court
17CR63582, 18CN03390;
A169099 (Control), A169100

492 P3d 116

Defendant pleaded guilty to one count of harassment and entered a deferred sentencing agreement with the state. Upon finding that defendant violated the agreement, the trial court permitted the state to revoke the agreement and entered a judgment of conviction for harassment. On appeal, defendant contends that the trial court erred when it allowed the state to revoke the agreement and entered the judgment of conviction. *Held*: Pursuant to ORS 138.105(5), the Court of Appeals had no authority to review the validity of defendant's conviction.

Affirmed.

Ladd J. Wiles, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Kistler, Senior Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

In this consolidated appeal, defendant appeals a judgment of conviction for one count of harassment and a general judgment of contempt. On appeal, his sole assignment of error concerns the judgment of conviction for harassment. He contends that the trial court erred when it allowed the state to revoke his deferred sentencing agreement and entered a judgment of conviction. As explained below, the legislature has precluded appellate review of defendant's conviction under the circumstances of this case. Consequently, we affirm.

The relevant facts are largely procedural and undisputed. Defendant was charged with one count of harassment which arose from a domestic violence incident involving defendant's wife, R. In February 2018, defendant pleaded guilty to that offense, and the state and defendant entered into a "deferred sentencing agreement." Defendant agreed to abide by the terms of the deferred sentencing agreement for 18 months, at which time the state would move to dismiss the harassment charge.[1]

The deferred sentencing agreement contained provisions prohibiting defendant from entering the "area surrounding [R's] current or future residence" and from "coming into the visual or physical presence" of R. Additionally, R obtained a restraining order against defendant. The restraining order prohibited defendant from coming within 500 feet of R's residence.

Notwithstanding the deferred sentencing agreement and the restraining order, R saw defendant in a parking lot within 500 feet of R's residence. R called the police.

The state then sought to revoke the deferred sentencing agreement, contending that defendant had violated the agreement. The state also sought to have defendant held in contempt of court for violating the restraining order. At a subsequent hearing, the trial court determined that defendant had violated the deferred sentencing agreement,

---

[1] Defendant was also charged with one count of second-degree disorderly conduct arising from the same incident of domestic violence as the harassment charge. The state dismissed the disorderly conduct charge.

permitted the state to revoke the deferred sentencing agreement, and held defendant in contempt for violation of the restraining order. It also entered a judgment of conviction for one count of harassment "based upon" defendant's guilty plea to that offense.

On appeal, defendant argues that the trial court erred in permitting the state to revoke the deferred sentencing agreement and in entering the judgment of conviction. Defendant contends that he did not violate the deferred sentencing agreement, because he did not enter the area "surrounding" the victim's residence. Further, defendant contends that we have authority to review his assignment of error despite ORS 138.105(5), which provides, in pertinent part, that the appellate court "has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest."

In response, the state argues that ORS 138.105(5) makes defendant's challenge to his conviction unreviewable. On the merits, the state argues that the trial court correctly determined that defendant violated the deferred sentencing agreement.

The result of this appeal turns on the construction of ORS 138.105(5). That statute provides:

> "The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest, except that:

> "(a)  The appellate court has authority to review the trial court's adverse determination of a pretrial motion reserved in a conditional plea of guilty or no contest under ORS 135.335.

> "(b)  The appellate court has authority to review whether the trial court erred by not merging determinations of guilt of two or more offenses, unless the entry of separate convictions results from an agreement between the state and the defendant."

While this appeal was pending, we construed ORS 138.105(5) in *State v. Merrill*, 311 Or App 487, 492 P3d 722 (2021).

In *Merrill*, the defendant had pleaded no contest to a charge of driving under the influence of intoxicants and entered diversion. The trial court subsequently found that defendant did not satisfy the terms of her diversion agreement, terminated diversion, and entered a judgment of conviction. The defendant appealed, contending that her conviction must be reversed because the trial court erroneously terminated diversion and entered judgment on her plea. *Id.* at 489.

We held in *Merrill* that ORS 138.105(5) precluded "appellate review of defendant's contention that her conviction based on her plea should be reversed because of an alleged error in terminating diversion." *Id.* at 496. We explained that "[o]ur appellate review authority is controlled by statute," and that, in the context of pleas and convictions that result from pleas, "ORS 138.105(5) limits the grounds on which we may review a conviction itself, barring review on all but two grounds." *Id.* at 489-90. Those two grounds are set forth in ORS 138.105(5)(a) and (b), *viz.*, "the trial court's adverse determination of a pretrial motion reserved in a conditional plea of guilty or no contest under ORS 135.335" and "whether the trial court erred by not merging determinations of guilt of two or more offenses, unless the entry of separate convictions results from an agreement between the state and the defendant." Because the defendant's challenge to her conviction in *Merrill* was not based on either of those two grounds, we lacked authority to review the defendant's challenge to her conviction, and thus rejected defendant's challenge to her conviction. *See id.* at 496.

So too here. In this case, defendant's conviction is a conviction "based upon" defendant's February 2018 plea of guilty, and the legislature has precluded review of defendant's conviction in that circumstance, unless his challenge to his conviction is based on one of the two grounds set forth in ORS 138.105(5)(a) and (b). *See Merrill*, 311 Or App at 491 ("Unless otherwise provided, we have no authority to review on appeal challenges seeking to invalidate convictions based on pleas."). As noted above, in this case, defendant's challenge to his conviction is premised on an argument that the trial court erred in permitting the state to revoke his deferred sentencing agreement because he did not violate

that agreement. It is not premised on one of the two grounds set forth in ORS 138.105(5)(a) and (b). In such circumstance, pursuant to ORS 138.105(5), we have "no authority to review the validity of the defendant's *** conviction." Therefore, we must affirm the judgment of conviction.[2]

      Affirmed.

---

[2] Defendant argues that, "if ORS 138.105(5) precludes review of defendant's assignment of error," that statute, so interpreted, "violates the state and federal constitutions." In advancing that argument, defendant points to Article VII (Amended), sections 1 and 3, of the Oregon Constitution and the Due Process Clause of the United States Constitution. As we did in *Merrill*, 311 Or App at 494-95, we reject defendant's arguments premised on Article VII (Amended), sections 1 and 3, of the Oregon Constitution. We also reject defendant's arguments premised on the Due Process Clause of the United States Constitution without further discussion.