Submitted December 20, 2019; portion of judgment requiring defendant to pay $500 chapter 163 assessment and $130 DUII conviction fee on Count 2 reversed, portion of judgment requiring defendant to pay $100 bench probation fee on Counts 1 and 2 vacated, remanded for resentencing, otherwise affirmed June 9, 2021

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JEDIDIH ALAKA ANOTTA,
*Defendant-Appellant.*

## Multnomah County Circuit Court
17CR05753; A167331

493 P3d 26

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII) (Count 1) and reckless driving (Count 2), both misdemeanors. Defendant pleaded no contest to the DUII charge and guilty to the reckless driving charge and entered DUII diversion. Upon finding that defendant had violated his diversion agreement, the trial court terminated diversion and entered a judgment of conviction on both counts. On appeal, defendant asserts that the court erred in terminating his diversion and in imposing various fees and assessments at sentencing. *Held*: ORS 138.105(5) bars appellate review of the validity of defendant's convictions. *State v. Merrill*, 311 Or App 487, 492 P3d 722 (2021). However, the trial court erred in imposing a $100 bench probation fee on each count, because the court did not announce those fees on the record in defendant's presence. The trial court also erred in imposing a $500 chapter 163 assessment and $130 DUII conviction fee on the reckless driving charge, because those fees were not supported by law.

Portion of judgment requiring defendant to pay $500 chapter 163 assessment and $130 DUII conviction fee on Count 2 reversed; portion of judgment requiring defendant to pay $100 bench probation fee on Counts 1 and 2 vacated; remanded for resentencing; otherwise affirmed.

Eric J. Bergstrom, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Portion of judgment requiring defendant to pay $500 chapter 163 assessment and $130 DUII conviction fee on Count 2 reversed; portion of judgment requiring defendant to pay $100 bench probation fee on Counts 1 and 2 vacated; remanded for resentencing; otherwise affirmed.

**SHORR, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII) (Count 1) and reckless driving (Count 2), both misdemeanors. Defendant pleaded no contest to the DUII charge and entered DUII diversion, as permitted by ORS 813.200 to 813.270. He also pleaded guilty to the reckless driving charge. Pursuant to two separate agreements with the trial court, both charges would be dismissed if defendant fully complied with the terms of his diversion as well as several additional conditions relating to the reckless driving charge. Upon finding that defendant had violated his diversion agreement, the court terminated diversion and entered a judgment of conviction on both counts. On appeal, defendant asserts that the court erred in terminating his diversion and in imposing various fees and assessments at sentencing. As to defendant's first assignment of error, our review of the validity of defendant's convictions and defendant's contention that the court erred in terminating his diversion is barred by ORS 138.105(5). *State v. Merrill*, 311 Or App 487, 492 P3d 722 (2021).[1] Therefore, we must affirm defendant's convictions. However, we may review alleged sentencing errors pursuant to ORS 138.105(7), and, in doing so, we conclude that the court erred in imposing the relevant fees.

First, defendant asserts that the trial court erred in imposing a $100 bench probation fee on each count because the court did not announce those fees on the record in defendant's presence. In response, the state contends that the court was required to impose those fees pursuant to ORS 137.540(8), that defendant had notice of the fees by virtue of his placement on bench probation, and that any error was harmless because the fees do not appear in the case register. We agree with defendant. Preliminarily, we excuse defendant's failure to preserve the claims of error now asserted on appeal because the fees first appeared on the face of the judgment and were not announced in open court. *See State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or

---

[1] Because of our determination that defendant's convictions are not reviewable, we need not consider the state's contention that defendant's first assignment of error is moot.

172 (2010). Next, the fact that the fees do not appear in the case register is immaterial, because the fees do appear in the judgment itself, and the judgment is an enforceable "legal document with potential financial consequences to defendant." *State v. Williams*, 280 Or App 631, 632 & n 1, 380 P3d 1225, *rev den*, 360 Or 604 (2016). Finally, we have previously explained that, pursuant to ORS 137.010, a trial court may suspend the execution of a bench probation fee in a misdemeanor case, and that it is error for the court to impose that fee outside the defendant's presence because doing so prevents the defendant from arguing for such a suspension. *State v. Baccaro*, 300 Or App 131, 137, 452 P3d 1022 (2019). In light of the above, it was error for the trial court to impose the bench probation fees without announcing them in open court.

Defendant next asserts that the trial court erred in imposing a $500 chapter 163 assessment and $130 DUII conviction fee in the judgment on the reckless driving charge because those fees were not announced in open court or supported by law. Again, the fact that the fees do not appear in the case register is immaterial because they do appear in the judgment. *See Williams*, 280 Or App at 632 & n 1. We readily conclude that the trial court erred in imposing the $500 chapter 163 assessment, because reckless driving is not a chapter 163 offense, and, regardless, the statute authorizing that assessment was repealed in 2011. *See former* ORS 137.290(2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118. The trial court likewise erred in imposing a DUII conviction fee on a non-DUII conviction. *See, e.g.*, *State v. Cleaver*, 266 Or App 403, 404, 337 P3d 983 (2014) (reversing and remanding for entry of a corrected judgment where the court imposed a $500 chapter 163 assessment and $130 DUII conviction fee on a reckless driving conviction).

Portion of judgment requiring defendant to pay $500 chapter 163 assessment and $130 DUII conviction fee on Count 2 reversed; portion of judgment requiring defendant to pay $100 bench probation fee on Counts 1 and 2 vacated; remanded for resentencing; otherwise affirmed.