Submitted February 11, affirmed March 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHAD SAMUEL WILLIAM PEARSON,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR81780; A173796

506 P3d 504

Ann M. Lininger, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Chad Pearson filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-Decoursey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant raises numerous assignments of error, as well as *pro se* assignments of error, challenging the trial court's denial of his repeated motions to withdraw his plea. Defendant's appellate arguments are foreclosed by *State v. Clark*, 312 Or App 270, 487 P3d 875 (2021), and *State v. Merrill*, 311 Or App 487, 491, 492 P3d 722 (2021), *opinion adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021).

Defendant's fourth assignment of error challenges the imposition of a life sentence, pursuant to ORS 137.719, arguing that such a sentence is disproportionate in violation of Article I, section 16, of the Oregon Constitution. We review questions of sentence proportionality under Article I, section 16, for legal errors. *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d 659 (2009).

Article I, section 16, provides that "all penalties shall be proportioned to the offense." We consider three non-exclusive factors in determining whether a sentence is constitutionally proportionate to the offense: (1) how the severity of the penalty compares to the gravity of the offense; (2) how the penalties for other, related offenses compare to the instant penalty imposed; and (3) the defendant's criminal history. *Rodriguez/Buck*, 347 Or at 58. When considering the proportionality of a penalty under a recidivist statute like ORS 137.719, the first and third factors "overlap in comparing the severity of the penalty and the gravity of the crimes that gave rise to the *** sentence." *State v. Althouse*, 359 Or 668, 685, 375 P3d 475 (2016).

Neither a detailed recitation of the facts of this case, nor defendant's criminal history, would benefit the bench or bar. However, upon review of each, and in consideration of the arguments raised on appeal, we cannot conclude that the sentence imposed here was disproportionate in violation of Article I, section 16.

Affirmed.