***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 14, affirmed October 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN MICHAEL THOMAS,
*Defendant-Appellant.*

Linn County Circuit Court
18CR63362; A175261

Michael B. Wynhausen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed. *State v. Merrill*, 311 Or App 487, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021); *State v. Redick*, 312 Or App 260, 491 P3d 87 (2021).

Egan, J., concurring.

**EGAN, J.,** concurring.

Defendant pleaded no contest to one count of driving under the influence of intoxicants (DUII), ORS 813.010, and entered into a diversion agreement as allowed by ORS 813.200 to 813.270. The trial court terminated defendant's diversion after denying defendant's motion to extend diversion, and defendant appeals the resulting judgment of conviction for one count of DUII.

I must concur with the majority's disposition in this case because the issue raised is not reviewable. *State v. Merrill*, 311 Or App 487, 496, 492 P3d 722, 727-28, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021) ("[O]n appeal of a judgment of conviction resulting from a plea of guilty or no contest, ORS 138.105(5) precludes appellate review of defendant's contention that her conviction based on her plea should be reversed because of an alleged error in terminating diversion.").

I nonetheless write to express my concerns about the merits of the trial court's challenged decision to deny an extension of diversion. The trial court chose between two legally cognizable outcomes and, therefore, its decision was not an abuse of discretion. Neither was the trial court's decision made in legal error. Nevertheless, I would be remiss if I did not point out that the matter would not have been presented to us in its current posture had the defense simply refrained from moving for an extension of time to complete the requirements of probation, and in doing so, informing the trial court of his relapse and his subsequent efforts to correct his conduct.[1]

For this case to have come to us in this posture, the trial court had to order the prosecutor to request a show cause hearing after the court discovered that there was no procedural method for revoking diversion in the face of a simple motion for extension of time. In addition, the trial court's repeated postponements on that motion hearing during the peak of COVID protocols aggravated the appearance of defendant's offense.

---

[1] In his motion to extend his diversion, defendant explained the reason that he had not completed all of the conditions of diversion: "Honestly, I relapsed * * *."

Although the trial court's decision was legally correct and within the parameters of the court's discretion, the path that the trial court took (and the path that this court must affirm) tends to undermine the purpose of diversion and open discussion between the litigant, the state, and the court of a common occurrence in addiction recovery—relapse.[2]

With that caveat, I concur.

---

[2] *See, e.g.*, Nat'l Inst on Drug Abuse, US Dep't of Health & Hum Servs, NIH Publ'n No 20-DA-5605, *Drugs, Brains, and Behavior: The Science of Addiction* 23 (2007) (noting relapse is "common," describing the "chronic nature of addiction," and stating "relapse is a normal part of recovery").