Argued and submitted September 14; supplemental judgment regarding Count 1 affirmed, appeal of judgment regarding probation on Count 2 dismissed October 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND LAVAUGHN GRANT,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR45918; A175762

519 P3d 568

Defendant appeals a supplemental judgment convicting him—based on his plea of guilty—of felony fleeing or attempting to elude a police officer (Count 1), ORS 811.540. He also appeals another judgment converting his probation for a separate offense (Count 2) from bench probation to formal probation and imposing a sanction for violating his probation. On appeal, defendant raises two assignments of error. First, regarding the supplemental judgment as to Count 1, he argues that the trial court erred when it determined that he had violated a deferred-sentencing agreement. Second, regarding the judgment continuing his probation on Count 2, he argues that the court erred when it determined he had violated a condition of his probation. *Held*: Because the supplemental judgment of conviction on Count 1 is not reviewable under ORS 138.105(5), the Court of Appeals affirmed defendant's conviction on Count 1. Because the judgment regarding Count 2 is not appealable under ORS 138.035(3), the court dismissed defendant's appeal of that judgment.

Supplemental judgment regarding Count 1 affirmed; appeal of judgment regarding probation on Count 2 dismissed.

Leslie M. Roberts, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Supplemental judgment regarding Count 1 affirmed; appeal of judgment regarding probation on Count 2 dismissed.

**TOOKEY, P. J.**

In this criminal case, defendant pleaded guilty to felony fleeing or attempting to elude a police officer (Count 1), ORS 811.540, and recklessly endangering another person (Count 2), ORS 163.195, as part of a plea agreement. Pursuant to that plea agreement, on Count 2, the court sentenced defendant to 24 months' bench probation with a specific judge. *See* ORS 137.540(8) ("The court may order that probation be supervised by the court."); OAR 213-003-0001(1) ("'Bench probation' means a probationary sentence *** under the supervision and control of the sentencing judge.").[1] Additionally, on Count 1, defendant entered into a deferred-sentencing agreement under which Count 1 would be dismissed after one year if defendant met certain conditions and complied with his probation on Count 2.

Later, the trial court determined that defendant had violated his probation on Count 2. As a result, the trial court revoked the deferred-sentencing agreement and entered a supplemental judgment convicting defendant on Count 1 based on his plea of guilty. The court also entered another judgment continuing defendant's probation on Count 2, converting defendant's probation from bench probation to formal probation, and imposing a sanction of 80 hours of community service for violating probation. Defendant now appeals, challenging both judgments and raising two assignments of error. Because the supplemental judgment of conviction on Count 1 is not reviewable, we affirm defendant's conviction on Count 1. Because the judgment regarding Count 2 is not appealable, we dismiss defendant's appeal of that judgment.

_____

[1] In this opinion, we use the terms "bench probation" (meaning probation "under the supervision and control of the sentencing judge," OAR 213-003-0001(1)) and "formal probation" (meaning probation supervised by the Department of Corrections or a community corrections agency), because those are the terms used in the parties' briefing and oral arguments. ORS 137.540 provides the mechanism regarding supervision of probation. *See* ORS 137.540(8) (providing that "[t]he court may order that probation be supervised by the court"); ORS 137.540(9)(b) (providing that the court may "order[] defendant placed under the supervision of the Department of Corrections or a community corrections agency"). Our use of the terms "bench probation" and "formal probation" should not be read to suggest that the general conditions of probation in ORS 137.540 apply differently to "bench probation" and "formal probation."

In his first assignment of error, defendant challenges the supplemental judgment convicting him on Count 1, arguing that the trial court erred when it determined that he had violated his deferred-sentencing agreement. As noted above, defendant's conviction on Count 1 was based on his plea of guilty. Except in circumstances not present here, this court "has no authority to review *** a conviction based on the defendant's plea of guilty." ORS 138.105(5); *see, e.g.*, *State v. Jones*, 311 Or App 685, 688-89, 492 P3d 116 (2021) (holding that ORS 138.105(5) precludes appellate review of the defendant's conviction that was based on his plea of guilty and entered after revocation of his deferred sentencing agreement). Because "the legislature has precluded review of defendant's conviction under these circumstances, we must affirm defendant's conviction." *State v. Merrill*, 311 Or App 487, 489, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021).

In his second assignment of error, defendant challenges the judgment continuing his probation on Count 2, converting it from bench probation to formal probation, and imposing a sanction for violating probation. Under ORS 138.035(3), "A defendant may appeal a judgment or order [1] extending a period of probation, [2] imposing a new or modified condition of probation or of sentence suspension, or [3] imposing or executing a sentence upon revocation of probation[.]"

Here, it is undisputed that the judgment at issue does not extend defendant's probation or impose or execute a sentence upon revocation of probation. It does impose sanctions and continue defendant's probation, but a "judgment imposing sanctions and continuing probation does not qualify as an appealable judgment under ORS 138.035(3)." *State v. Flores*, 317 Or App 288, 292, 505 P3d 507 (2022); *see also State v. Hunt*, 307 Or App 71, 80-81, 476 P3d 530 (2020), *rev den*, 367 Or 535 (2021) (holding that judgment imposing sanctions and continuing probation does not qualify as an appealable judgment under ORS 138.035(3)).

Defendant contends, however, that the judgment regarding his probation on Count 2 is appealable under ORS 138.035(3), because the trial court "modified a condition

of probation"—specifically, defendant contends, the court "struck" (*i.e.*, deleted) a "special condition of probation" assigning a specific judge to supervise his bench probation, and it converted his probation to formal probation under the supervision of a probation officer, which "activated" the general conditions of probation contained in ORS 137.540.

We disagree with defendant that the judgment regarding his probation on Count 2 is appealable because it "struck" a "special condition of probation." Even assuming that the assignment of a specific supervising judge is a "special condition" of probation, *deleting* that purported special condition does not constitute "*imposing* a new or modified condition of probation" such that review is available under ORS 138.035(3), because the removal of that condition (and consequential switch to formal probation) did not *impose* any new or modified condition of probation; it merely removed a previously imposed purported condition of probation.[2] (Emphasis added.)

We likewise disagree with defendant that the judgment is appealable because converting his probation to formal probation under the supervision of a probation officer "activated" the general conditions of probation contained in ORS 137.540. As provided in ORS 137.540(1), "The court may sentence the defendant to probation subject to the following general conditions *unless specifically deleted by the court*." (Emphasis added.) Here, the original judgment sentencing defendant to bench probation did not delete any of the general conditions of probation. Rather, the contrary was true: The original judgment explicitly stated, "Defendant is subject to *all general conditions of probation (ORS 137.540).*" (Emphasis added.) Consequently, we are not persuaded that the judgment continuing defendant's probation as formal probation imposed any "new or modified condition of probation" such that review is available under ORS 138.035(3).

---

[2] We note that, in *Hunt*, we stated that "[a] 'condition of probation' is a requirement imposed by a 'governmental actor to avoid a substantial adverse consequence.'" 307 Or App at 75 (quoting *State v. Bentley*, 239 Or App 18, 24, 243 P3d 859 (2010), *rev den*, 349 Or 654 (2011)). We observe that the identity of the entity supervising defendant's probation—*e.g.*, monitoring defendant's compliance with the requirements of his probation—is not a "requirement imposed by a 'governmental actor to avoid a substantial adverse consequence.'" *Hunt*, 307 Or App at 75.

We therefore conclude that the judgment continuing defendant's probation on Count 2 does not qualify as an appealable judgment under ORS 138.035(3).

Supplemental judgment regarding Count 1 affirmed; appeal of judgment regarding probation on Count 2 dismissed.