***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 14, affirmed October 26, 2022, petition for review denied
February 23, 2023 (370 Or 790)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS RUBIO,
*Defendant-Appellant.*

Josephine County Circuit Court
21CR14619; A175983

Robert S. Bain, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant challenges a judgment convicting him of supplying contraband (Count 1), ORS 162.185, and sentencing him to a 12-month term of imprisonment. Defendant pleaded guilty to Count 1 pursuant to a plea agreement under which the state recommended, among other things, a 12-month term of imprisonment that would run concurrently with defendant's term of imprisonment on a conviction in a separate case. The court convicted defendant on Count 1 based on his plea of guilty. At sentencing, the trial court declined to impose a concurrent sentence and, instead, imposed the 12-month term of imprisonment to run consecutively. Defendant then asked for an opportunity to withdraw his plea, which the trial court denied. On appeal, defendant argues that the trial court erred when it imposed a consecutive sentence without providing him an opportunity to withdraw his plea. We affirm.

Here, the challenged judgment of conviction was entered based on defendant's plea of guilty. Except in circumstances not present here, this court "has no authority to review *** a conviction based on the defendant's plea of guilty." ORS 138.105(5); *see also State v. Merrill*, 311 Or App 487, 491, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021) ("The text [of ORS 138.105] makes the legislature's intentions clear: Unless otherwise provided, we have no authority to review on appeal challenges seeking to invalidate convictions based on pleas."). Because "the legislature has precluded review of defendant's conviction under these circumstances, we must affirm defendant's conviction." *Merrill*, 311 Or App at 489.

Affirmed.