***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 14, affirmed October 26, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GAVEN CHARLES PERCELL,
*Defendant-Appellant.*

Marion County Circuit Court
20CR31243; A175728

DeAnn L. Novotny, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment convicting him of first-degree criminal mistreatment (Count 1), ORS 163.205, and sentencing him to 36 months of supervised probation. Defendant pleaded guilty to Count 1 pursuant to a plea agreement under which the state would recommend a downward departure from the presumptive sentence of 36 months' probation to a sentence of 24 months' probation. After convicting defendant on Count 1 based on his plea of guilty, the court declined to adopt the state's recommended downward departure sentence and, instead, imposed the presumptive sentence of 36 months' probation. On appeal, defendant argues that the court plainly erred when it imposed the presumptive probation sentence without giving him an opportunity to withdraw his guilty plea. We affirm.

Defendant's conviction on Count 1 was based on his plea of guilty, and he asks this court to reverse the judgment of conviction. Except in circumstances not present here, this court "has no authority to review *** a conviction based on the defendant's plea of guilty." ORS 138.105(5); *see also State v. Merrill*, 311 Or App 487, 491, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021) ("The text [of ORS 138.105] makes the legislature's intentions clear: Unless otherwise provided, we have no authority to review on appeal challenges seeking to invalidate convictions based on pleas."). Because "the legislature has precluded review of defendant's conviction under these circumstances, we must affirm defendant's conviction." *Merrill*, 311 Or App at 489.

Affirmed.