168 June 12, 2024 No. 393

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PEDRO RENATO SCHAY-VIVERO,
*Defendant-Appellant.*

Marion County Circuit Court
22CR20839, 19CR42709;
A179708 (Control), A179707

Courtland Guyer, Judge.

Argued and submitted May 14, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

In this consolidated appeal, defendant appeals a judgment of conviction for one count of harassment, ORS 166.065, and a judgment of conviction for one count of unlawful use of a weapon, ORS 166.220. We remand for resentencing and otherwise affirm.

In his first assignment of error, defendant contends that the trial court erred when it included in the judgment of conviction for harassment a term ordering him to pay "any required per diem fees." Defendant argues that resentencing is required because the trial court "did not pronounce those fees at sentencing," but that, instead, they appeared for the first time in the judgment of conviction.[1] *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Internal citations omitted.)). Although it is not entirely clear from the record, we understand the reference to per diem fees in the judgment of conviction for harassment to refer to the fees authorized by ORS 169.151(1).[2]

The state responds to defendant's first assignment of error by arguing that any error in ordering defendant to pay "any required per diem fees" does "not provide a basis for reversal," because the error "is both moot and harmless."

During the pendency of this appeal, we decided *State v. Barr*, 331 Or App 242, 545 P3d 772 (2024), which is controlling and requires that we remand for resentencing in this case. In *Barr*, the defendant appealed a judgment ordering him to pay any required per diem fees "as to each misdemeanor count for which the defendant was sentenced to time in the county jail." *Id.* at 244. We remanded for resentencing, because—as is the case here—the trial court "did

---

[1] Our resolution of defendant's first assignment of error obviates the need to address his second assignment of error, in which he asserts that "the trial court erred in imposing a $200 fine."

[2] ORS 169.151(1) provides, in pertinent part, that "[a] city or, notwithstanding ORS 169.150(1), a county may seek reimbursement from a person who is or was committed to the local correctional facility of the county or city upon conviction of a crime for any expenses incurred by the county or city in safekeeping and maintaining the person."

not address per diem fees at the sentencing hearing." *Id.* In doing so in *Barr*, we rejected arguments by the state that any error in the imposition of per diem fees was harmless or moot. *Id.*

In a memorandum of additional authorities, the state argues that *Barr* is not controlling because the record in this case "does not show [defendant] was ever incarcerated solely on the harassment charge." But the state does not explain why that distinction between this case and *Barr* matters. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself.").[3] The judgment, which includes the order that defendant pay any required per diem fees, is a "legal document with potential financial consequences to defendant," *State v. Williams*, 280 Or App 631, 632, 380 P3d 1225, *rev den*, 360 Or 604 (2016), notwithstanding that defendant may have been incarcerated for both harassment and other charges at the time those potential fees accrued.[4]

The state also argues that the order in the judgment of conviction for harassment requiring defendant to

---

[3] We also observe that it is not clear what distinction the state is seeking to draw between this case and *Barr* with its argument that the record in this case "does not show [defendant] was ever incarcerated solely on the harassment charge."

As noted, the defendant in *Barr* was ordered to pay any required per diem fees for "each misdemeanor count for which [he] was sentenced to time in the county jail." 331 Or App at 244. But the defendant in *Barr* was convicted of other offenses too; offenses for which the trial court did not order defendant to pay per diem fees. *Id.* at 243. The opinion in *Barr* does not suggest that the defendant was incarcerated "solely" for those misdemeanors for which he was required to pay per diem fees, and he was presumably incarcerated for the other offenses too, which, from the discussion in *Barr*, we understand to be felonies. Thus, it appears to us that this case is on all fours with *Barr*.

[4] At oral argument, the state noted that the "per diem fee" clause at issue in this appeal is in a "form judgment" and is in many such judgments that are presently pending before this court. As we noted in *Williams*, regarding a different form of judgment, "[r]egardless of the fact that it is a form, and perhaps a not clear one, it is a form of judgment with a money award." 280 Or App at 632. That is, it is, as noted above, a judgment that has potential financial consequences to defendant.

pay any required per diem fees does not necessitate resentencing because that "clause does not impose any obligation, disability, or potential financial liability that does not exist simply by operation of ORS 169.151." That is so, in the state's view, because "the clause does not impose any specific fee that [defendant] must pay, and it does not purport to make him liable for any fee or sum that the county could not otherwise collect in such an action, and whatever right the county may have to seek reimbursement from him under ORS 169.151 does not depend on the clause being included in the judgment." The difficulty with the state's argument is that that was true of the order in *Barr* regarding per diem fees that we concluded required resentencing. For that reason, the state's arguments are foreclosed by our decision in *Barr*.

Remanded for resentencing; otherwise affirmed.