768 May 29, 2025 No. 468

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS GRAVIS WAIKEL,
*Defendant-Appellant*.

Deschutes County Circuit Court
23CR63291; A183542

Beth M. Bagley, Judge.

Submitted April 11, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing.

**EGAN, J.**

Defendant appeals from a judgment of conviction for giving false information to a peace officer in connection with a citation or warrant, ORS 162.385. After a trial to the court, defendant was sentenced. In the written judgment, a term appeared that had not been announced at sentencing: Defendant was required to pay "any required per diem fees." Defendant assigns error to inclusion of that term in the written judgment when it was not announced in his presence at sentencing. *See State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Internal citations omitted.)). *See also State v. Schay-Vivero*, 333 Or App 168, 169, 552 P3d 150, 151 (2024). The state concedes the error and that it requires resentencing. We accept the state's concession and remand the case for resentencing.

Remanded for resentencing.